## W. S. COLEMAN v. T. B. GOYNE.

1. To enjoin a money judgment, the petitioner alleged that he had a good defense against a large part of his creditor's demand, but had not set it up in the original suit, because, during its pendency, he believed his creditor would give him the benefit of it after judgment; but that, since the judgment, the creditor refused so to do. *Held,* that the petition showed no equity.

2. A preliminary injunction may be dissolved at chambers or in vacation; but it is error to dismiss the petition in vacation.

3. It was error to dissolve an injunction of a money judgment in vacation, without requiring of the defendant the refunding bond prescribed by Article 3937, Paschal's Digest.

ERROR from Harrison. Tried below before the Hon. J. B. Williamson.

At the June term, 1871, Goyne recovered judgment against Coleman and one Whaley, for over seven thousand dollars, being the principal and interest of their note, executed in December, 1865, and due in 1867. This note was for six thousand dollars, in U. S. Treasury notes; but a contempora-

neous writing was executed by the parties, to the effect that the real contract was for four thousand dollars, gold, and that, whatever fluctuations might occur in U. S. currency, the contract should be performed on the gold basis. When sued on the currency note, Coleman and Whaley made defense on account of outstanding incumbrances on the land for which it was given, but made no defense on account of the gold contract, and judgment was rendered against them in June, 1871, as already stated.

In November, 1871, Coleman and Whaley brought their present suit for an injunction. They alleged that Goyne had purchased the note from the payees after its maturity, and set up the collateral written contract above mentioned, averring that Goyne had at all times acknowledged that his demand was to be settled in accordance with its tenor, and that therefore they had not interposed it as a defense to the original suit.

Goyne, in his answer, denied all of the material charges made in the petition. The opinion of the court shows all other facts of any significance. Coleman brings up the case by writ of error.

*H. McKay*, for the plaintiff in error.

*Walton & Green*, for defendant in error. There was no error in the court below dismissing the suit of plaintiff, at the time of dissolving the injunction; because neither plaintiff or defendant in said suit asked to have the same continued for final hearing and determination on the merits. The defendant's answer having denied all equities in the bill; whereas, to constitute error it should *appear from the record* that the plaintiff asked that his petition be continued over for trial. (See Lively *v.* Bristow, 12 Texas, 60 ; Herron *v.* De Bard, 28 Texas, 602.) Hence the words, " *without determining merits*," in Article 3934, Paschal's Digest, are *permissive*, and not restrictive.

The judgment or order dissolving injunction and dismissing petition in chambers being under the circumstances of the case proper and final, there was no need of more than the proper entry during term time of said order, as was done February 26th, 1872. (Fall v. Ratliff, 10 Texas, 292.)

No application being made for entry of order continuing petition for another hearing on merits, and no jury being asked, the judge of the court below had the whole case properly before him for final determination and assessment of damages. (Paschal's Digest, Article 3934, and last clause of Article 3935.)

The suit not having been continued for final hearing, but properly dismissed, the clause in Article 3937, Paschal's Digest, requiring of defendant bond and security, payable to plaintiff in injunction suit, is totally inapplicable to the case, and there was no error in the court not demanding it.

The court below is judge of the question, of whether or not *the writ of injunction was obtained for delay*, and hence of the question of damages therefor.

The statute says, that the court shall assess ten per cent. damages for delay. We submit that a less amount may be assessed, and, if error, is no such error as the party in whose favor reduction was made, can complain of to this court; but if such is error, we ask that the judgment of the court below be simply corrected by the addition of five per cent. to the damages already assessed.

If the five per cent. damages were assessed as other than *for delay*, the court below was entitled to assess such damages, no jury being asked by either party. See Article 3935, Paschal's Digest, which article refers to the *dissolution of the injunction*, whether in chambers, or during term time.

Judgment was properly rendered against the defendant and his sureties on the injunction bond, according to the tenor of said bond. (Article 3936, Paschal's Digest.)

This case is in no way similar to cases wherein sureties are only liable for actual damages. See last clause of the opinion of this court in Kendrick v. Rice, 16 Texas 261.

WALKER, J.   The injunction in this case was granted on a petition which showed no equity, and was properly dissolved on motion.   But whether all the proceedings in the case have been regular and authorized by law, requires some inquiry.

The defendant had obtained a judgment for a large amount of money, against the plaintiff in error, with a decree foreclosing a vendor's lien.   The land was advertised for sale under this decree, for the purchase-money, when Coleman sued out his injunction, and the only ground assigned in the petition for injunction was that the plaintiff had a defense to nearly one-third of Goyne's judgment, which he had neglected to set up in the original action, because he supposed that Goyne would allow his claim after judgment, in which he had been deceived.

The injunction was dissolved at chambers, and the court, believing it had been obtained merely to delay the collection of the judgment, gave the defendant in error five per cent. damages, and rendered a judgment for debt and damages against the plaintiff in error and his securities.   The record does not show that the plaintiff in error demanded a further prosecution of the case on the merits.   The final order was entered at the ensuing term of court.

The only errors assigned to the rulings of the District Court, demanding further notice in this opinion, are the 3d, 5th, 6th, and 7th.   It is claimed that the court erred in dismissing the suit at the time that the injunction was dissolved; also that the court erred in giving damages, and that there was error in giving judgment against the securities on the injunction bond ; and also that the court erred in rendering the judgment at the February term, 1872.   We do not know how to reconcile these assignments for error.   They contradict each other.   If the judgment was rendered at the February term, 1872, then the probability is that it could not have been rendered on the 2d of December, 1871, at chambers.   After dissolving the injunction, if the cause was continued over to the February term, and the judgment then entered in term

time, we can see no error so far in the proceedings ; but there are several entries in this cause, made in vacation, which are carried into the record, and go to show that a final disposition of the cause was made at chambers.

We are led to believe, after a careful inspection of this record, and an examination of the law on the subject (Articles 3934, 3935, 3936, 3937, and 3938, Paschal's Digest), that the court erred, first, in attempting to determine the merits of the cause, and rendering judgment thereon in vacation. And if the court attempted to assess the damages, as might be done in a proper case, the law fixes the rate at ten per cent. on the amount released by the dissolution of the injunction, and in all other cases damages must be assessed by a jury. The judge in this instance not only dissolved the injunction, but dismissed the bill, and the only order made in term-time (if any were made), was simply to record the proceedings had in vacation. There was error in dissolving the injunction without requiring of the defendant the bond called for in Article 3937, Paschal's Digest.

The judgment of the District Court, for the reasons given, is reversed, and the cause remanded.

Reversed and remanded.