· P. M. PRICE ET AL. V. JOHN S. BLAND.

PRACTICE—FINAL JUDGMENT.—Upon the dissolution of an injunction in chambers in vacation the judge cannot enter final judgment dismissing the bill. Such an order made in vacation is not a final judgment.

APPEAL from Lamar.   Tried below before the Hon. R. H. Taylor.

No briefs.

ROBERTS, CHIEF JUSTICE.—The court in chambers in vacation dissolved the injunction upon answer and notice given to the complainants and then dismissed the petition, and there is nothing in the record showing that this action of the judge in chambers was sanctioned by the court in term time by a judgment disposing of the case.   The statute does not permit the petition to be dismissed upon the dissolution of the injunction in chambers in vacation, as was done in this case.   (Paschal's Dig., art. 3934.)   The judgment purporting to dismiss the petition was to that extent without lawful authority, and cannot be regarded as a final judgment disposing of the case from which an appeal or writ of error can be taken to this court.   The writ of error is for that reason dismissed.

It may not be improper to notice that the matter attempted to be litigated in this suit was as to the seven-eighths of one per cent. tax imposed to build school houses settled in the cases of Cleg *v*. Owen and Willis *v*. Owen, 43 Tex., 41.

Writ of error dismissed.

DISMISSED.