SAN ANTONIO WATER SUPPLY CO. v.
GREEN et al. (No. 5984.)

(Court of Civil Appeals of Texas. San Antonio.
Nov. 14, 1917.)

1. INJUNCTION ⊙⟶169 — TEMPORARY INJUNCTION—MOTION TO DISSOLVE—VERIFICATION.

Under Rev. St. 1911, art. 4663, providing that the defendant to an injunction proceeding may answer as in other civil actions, but that no injunction shall be dissolved before final hearing, because of a denial of the allegations of the petition, unless the answer denying the same is verified by oath or affirmation, the facts alleged in an unverified motion to dissolve a temporary injunction could not be considered in determining whether the injunction should be dissolved.

2. INJUNCTION ⊙⟶163(1) — TEMPORARY INJUNCTION—GROUNDS FOR DISSOLUTION.

The judge had a right to dissolve a temporary injunction, if plaintiff's petition, standing alone, did not entitle it to such injunction.

3. WATERS AND WATER COURSES ⊙⟶203(15)—METER RENTS — RECOVERY OF PAYMENTS—VOLUNTARY PAYMENTS.

Where payments for the rent of water meters were made voluntarily with full knowledge of the facts, the money could not be recovered, whether or not the contract between the water company and the city authorized it to charge rent for meters.

4. INJUNCTION ⊙⟶144—TEMPORARY INJUNCTION—SUFFICIENCY OF PETITION.

A petition by a water company alleged that a great number of suits had been filed in justice court against it for the recovery of meter rent; that in one of such suits the justice rendered judgment against it for $12; that the plaintiff in such suit made application to have a meter installed and promised and agreed to pay rent; that in all of the other suits and cases where claims were asserted in which suit had not been filed the facts were the same; that in each case the customer voluntarily applied for a meter, and made a written application, agreeing to pay rent, or where they did not sign applications with an agreement to pay rent, they moved into premises where meters had been installed under an application and contract, knowing that such was the case, and that meter rent was being charged and would be charged, and, with full knowledge of the facts, had the water turned on and paid the meter rent without objection or protest; and that the amount of the claims sued on was such, in most instances, that the justice court had final jurisdiction, and in a few exceptional cases such that an appeal could not be taken from the county court. Held, that the petition stated a cause of action, entitling the company to a temporary injunction, restraining the further prosecution of suits already filed, and the filing of any further suits.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Suit by the San Antonio Water Supply Company against C. S. Green and others. From an interlocutory order dissolving a temporary injunction, plaintiff appeals. Reversed and remanded.

Taliaferro, Cunningham & Birkhead, of San Antonio, for appellant. E. H. Powell, of San Antonio, for appellees.

MOURSUND, J. On July 9, 1913, the San Antonio Water Supply Company presented its petition to Hon. R. H. Ward, judge of the Seventy-Third judicial district, alleging in substance that the company was engaged in furnishing water to the city of San Antonio and the inhabitants thereof under certain franchises granted it by said city; that in all cases where water is furnished to a consumer through a meter furnished by the company it makes a monthly charge for the use of the meter, and that the rates charged for water were fixed in a certain contract with the city, covering a period of ten years, dated July 1, 1902, which provided that any consumer dissatisfied with the flat rate made him for water was entitled to have a meter, to be inserted in his service pipe under certain conditions and regulations, which are stated in the petition; that said contract further provided that the rate fixed for private consumers shall not be applicable to any special contract now in existence, nor shall anything in the contract affect or interfere with the right or power of the company to make any special rate or contract with any corporation, firm, or person; that a great number of suits had been filed in justice's court of precinct No. 1 of Bexar county for the recovery of meter rent, a list thereof being contained in the petition; that, although said suits were brought in the names of the customers, the claims had been assigned to defendant Mosby; that defendants filed suit in behalf of one C. S. Green, which was tried, and the justice rendered judgment against the company for $12; that the evidence showed that Green, exercising his option so to do, had made application to the company to have a meter installed in his service pipe, and had promised and agreed to pay the company 50 cents per month for the use thereof; that said agreement was valid, and the judgment was without any evidence to sustain it; that in all of said suits and in all cases not filed where claims are asserted the facts relied on to sustain the alleged cause of action are the same as in the Green case; that in each of said cases the consumers, voluntarily exercising their option so to do, made demand to have a meter installed, and made written application therefor in each case, agreeing to pay a specified sum per month as meter rent, which sums they are now attempting to recover in the suits filed, or threatening to attempt to recover by filing further suits, and in cases, if any there be, where persons asserting claims have not signed applications for the installation of meters, together with an agreement to pay the rent therefor, such persons moved into premises where meters had been installed under an application and contract, well knowing that such was the case, and that the meter rent was being charged and would be charged at a certain specified sum per month, and such persons, having full knowledge of the fact, having had water turned into their premises

through such meters, and having continued to pay the meter rent without objection or protest, have thereby .contracted with the plaintiff to pay the same; that the amount of the claims sued upon, and those not sued upon, in nearly all instances, is less than $20, so that the justice court would have final jurisdiction, and the few exceeding such sum could not be appealed from the county court to the Court of Civil Appeals; that the company had made efforts, without avail, to have six of said cases consolidated when they were set for trial on the same day.

A temporary restraining order was issued, and a date set for hearing, and upon July 15, 1913, an order was entered reciting that the parties appeared and announced ready; that the demurrer of defendants was overruled; that evidence was introduced and upon agreement of counsel the following decree was entered, viz.: That until further ordered by the court defendants, their agents and attorneys, are restrained from further prosecuting any of the suits heretofore filed by them or any of them in the justice courts of Bexar county, and from filing any further suits for the recovery of meter rent or for damages based upon the collection of meter rents, and that defendant Mosby be granted leave to intervene in this suit on "said 300 and odd meter rent cases."

Nearly four years later, on June 13, 1917, defendants filed an unsworn motion to dissolve the temporary injunction, and on August 23, 1917, Hon. J. T. Sluder, the present judge of the Seventy-Third judicial district, entered an order reciting that all parties appeared, and that, after hearing and considering the motion and the arguments of counsel, it was decreed that the injunction be dissolved in so far as it restrained the defendants from filing and prosecuting suits for the recovery of meter rent paid to plaintiff, but that it remain in full force and effect as to all matters except as above set out. We fail to see any matters as to which it remains in force, but this is immaterial.

The company appealed from such interlocutory order dissolving the temporary injunction. The only pleadings in the record are the petition and the motion to dissolve.

[1] As the motion to dissolve was not verified by affidavit, the facts therein alleged cannot be considered in determining whether the injunction should have been dissolved. Article 4663, R. S. 1911; Southern Oil & Gas Co. v. Mexia Oil & Gas Co., 186 S. W. 449; Dawson v. Baldridge, 55 Tex. Civ. App. 124, 118 S. W. 593.

[2] The only question to be determined is whether plaintiff's petition, standing alone, entitled it to the injunction it obtained; for, if it does not, the judge undoubtedly had the right to dissolve the same.

[3] Appellees contend that the petition is defective in that it fails to show a good de-

fense to the claims asserted against appellant, and that therefore the court did not err in dissolving the injunction. According to the averments of the petition, the sums sought to be recovered were paid voluntarily, with full knowledge of the facts. Money so paid cannot be recovered. Ladd v. Southern Cotton Press Co., 53 Tex. 172; Galveston City Co. v. Galveston, 56 Tex. 486; Jones v. Gardner, 112 S. W. 826; Illinois Glass Co. v. Chicago Tel. Co., 234 Ill. 535, 85 N. E. 200, 18 L. R. A. (N. S.) 124. We call attention especially to the opinion in the Illinois case above cited.

As the petition charges^that the payments were made voluntarily, which in itself would constitute a defense, it is immaterial for the purposes of this appeal whether the contract pleaded authorized the company to charge rent for meters installed by it, and, in view of the fact that the contract is not set out in full or attached as an exhibit, we will not undertake to construe it and determine its effect. If the case should come to us again and it be necessary to construe the contract, we may have a copy of it in the record or at least a more complete statement of its provisions.

[4] The petition states a cause of action entitling appellant to the temporary injunction originally granted it, and the court erred in dissolving the.same.

The judgment is reversed, and the cause remanded.