JESSE WALKER ET AL. v. R. L. MEYERS ET AL.

No. 4208.　Decided November 26, 1924.

(266 S. W., 499).

1.—Injunction—Dissolving in Vacation—Notice.

It was error to dissolve in vacation a temporary injunction on motion and answer filed, without notice thereof to the party obtaining it, and over his protest. (P. 228).

2.—Same—Hearing in Vacation.

A judge during vacation can not dismiss a bill in equity (proceeding for injunction) except on trial by consent of parties, as provided in article 1714. Revised Statutes. (P. 228).

3.—Constitutional Law—Cities—Taxation.

The taxing power of a city of five thousand population or less is not limited to 25 cents on the $100, by article 8, Sec. 9, of the Constitution. It is controlled by article 11, section 4, as amended, permitting it to tax not to exceed one and a half per cent. (Pp. 228-233).

4.—Same.

Article 8, section 9, of the Constitution limited the taxing power of cities of five thousand inhabitants to 25 cents on $100 "except as in this Constitution is otherwise provided." This does not conflict with or control the power to tax to the extent of $1.50 on the $100., "otherwise" conferred on such cities in the Constitution by the amendment (1920) of article 11, section 4. (Pp. 229, 230).

5.—Same—Amendment—Previous Construction.

The particular power of taxation permitted by the amendment of 1920 to article 11, section 4, of the Constitution (change from 25 cents to $1.50) prevailed over the general limitation of article 8, section 9, and permitted cities of less than 5000 to be given enlarged power of taxation, both with respect to amount and to purpose. The decision in Lukin v. City of Galveston,

114 Tex. Crim.—17.

63 Texas, 437, had held article 11, section 5 (relating to larger cities) to control, as to their taxing power, the general limitation in article 8, section 9; and the amendment of section 4, by language similar to that of section 5, is to be taken as adopted with this view as to the controlling effect of article 11 over article 8, as to the powers of taxation by cities.   (Pp. 229-232).

6.——Constitutional Amendment—Legislative Construction.

The Act of Feb. 24, 1921, Laws, 37th Leg., ch. 9, p. 12, is a legislative construction of the amendment of article 11, section 4, of the Constitution, as conferring on cities of 5000 or less enlarged powers of taxation, and not controlled by article 8, section 9; and raises strong presumption of the correctness of such construction.   (Pp. 232, 233).

Error to the Court of Civil Appeals for the Second District in an appeal from Dawson County.

Meyers and others brought suit against Walker and others, members of the City Commission of Lamesa, to restrain them from declaring the result of an election therein to authorize the issue of bonds or from selling the bonds or levying or collecting the tax provided therefor.   Plaintiffs obtained a temporary injunction.   This was dissolved on answer of defendants and the suit was dismissed on a hearing in vacation over the protest of defendants.   Their appeal resulted in a reversal and reinstatement of the temporary injunction, with remand for trial.   Appellees, defendants below, thereupon obtained writ of error.

*W. P. Dumas*, for plaintiffs in error.

This case was not heard upon a motion to dissolve the injunction, and the procedure prescribed by Article 4664, allowing the opposite party ten (10) days notice of such motion, has no application.

The sworn answer of appellees was amply sufficient to authorize the trial court in concluding that there was no merit in the appellants' application for the injunction.   The dissolution of the temporary injunction was a matter resting largely in the sound discretion of the trial court, and the court in dissolving the injunction in the case at bar did not abuse such discretion.

There is no   antagonism between amended Section 4, of Article 11, and the provisions of Section 9, of Article 8, relative to cities and towns.   The former should be treated as "an exception to the general rule" prescribed by the latter, and proper authority having been conferred, all incorporated cities and towns with a population of five thousand or less may levy the $1.50 tax authorized by the Act of 1921.   Lufkin v. City of Galveston, 63 Texas, 437; Bodenheim v. Lightfoot, 132 S. W., 468; Bridgers v. City of Lampasas, 249 S. W., 1083; City of Henderson v. Fields, 258 S. W., 523; Stratton v. Commissioners Court, 137 S. W., 1170.

*Bean & Klett*, for defendants in error.

The trial court erred in granting defendants' motion to dissolve the plaintiffs' temporary injunction, in vacation, over the plaintiffs' protests and objections in that the trial court heard and granted said motion before the same was ever filed and denied to plaintiffs the ten days' notice of such motion in violation of Article 4664 allowing the opposite party ten days' notice of such motion.

The trial court also erred, by its order dissolving the plaintiffs' temporary injunction in vacation, in dismissing the "plaintiffs' petition for injunction" and in decreeing "that the plaintiffs take nothing by their suit against the defendants," in that such action denied plaintiffs the opportunity of a trial upon the merits. Love v. Powell, 67 Texas, 19.

At the time the plaintiffs' petition was drawn counsel for plaintiffs overlooked Chapter 9 of the Acts of 1921, Thirty-seventh Legislature, repealing Article 882. It appears from defendants' answer that the defendants rely on the first section of said Act putting into effect. amended Section 4 of Article 11 of the Constitution, wherein the tax limit for all purposes is fixed at $1\frac{1}{2}$ per cent of the taxable property of said city; but the plaintiffs' reply to this contention is that the constitutional amendment mentioned is only a general provision fixing the maximum amount of taxes that may be limited for all purposes by municipal corporations while Section 9 of Article 8 of the Constitution, devoted specifically to the subject of taxation and designating the limit for the special purposes enumerated therein, expressly prescribes that taxes "for the erection of public buildings, streets, sewers, water works and other permanent improvements not to exceed twenty-five cents on the one hundred dollars valuation in any one year and except as is in this Constitution otherwise provided." If Section 4, Article 11 is a general provision and Section 9, Article 8 is a special one, then under the rules of construction the the special provision must prevail if in conflict with the general one. Therefore the tax levy of thirty cents exceeded the constitutional limit of twenty-five cents for street improvements.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This is an injunction suit brought by R. L. Meyers and others against the Mayor and Commissioners of the City of Lamesa. The purpose of the suit was to restrain the latter from declaring the result of a bond election for street improvements, from selling or offering to sell the bonds, from levying or collecting the thirty cent tax provided therefor, and further restraining the city officers from contracting for the contemplated street improvements.

A temporary injunction was granted on the sworn petition of defendants in error on January 24, 1924, restraining the plaintiffs

in error as prayed for. On January 31, 1924, the plaintiffs in error presented to the District Judge, in vacation, an answer to the petition, the effect of which, if sustained, was to dissolve the temporary injunction. No previous notice of the filing of the answer was given, and defendants in error protested and objected to the hearing on that ground. The bill of exception recites that the defendants in error ''protested against and objected to any hearing before entering into any proceeding, on the ground that the motion aforesaid had not been filed with the clerk, and on the further ground that neither the plaintiffs nor attorney for plaintiffs had been served with ten days' notice as required by Article 4664 of the Revised Statutes of Texas, and on the further ground that the plaintiffs were not prepared to resist the defendants' said motion and were not acquainted with the grounds thereof.'' When the motion was presented, according to the bill of exception, it consisted of about twenty-three typewritten pages, and had been finished but a few minutes before its presentation; that it had not been filed with the clerk, and no notice thereof had been served on the defendants in error or their attorneys, and ''they had had no opportunity for knowing the grounds of the motion, other than that afforded during the hearing.'' The trial judge, however, heard the answer or motion, dissolved the temporary injunction, and dismissed the petition. To this action defendants in error excepted and appealed. The case was reversed by the Court of Civil Appeals for various reasons, and the temporary injunction reinstated and continued until the further order of the trial court. 264 S. W., 314.

The case is before this Court by writ of error. The Court of Civil Appeals held that the trial court erred in dissolving the temporary injunction without the statutory notice, over the protest of the defendants in error. This was manifestly correct. Revised Statutes, Article 4664.

The case not having been tried by consent of the parties in vacation under the terms of Article 1714 the action of the court in dismissing the petition was likewise erroneous. It is well settled in this Sate. as well as in other jurisdictions, that a judge during vacation cannot dismiss a bill in equity. Price v. Bland, 44 Texas, 145; Aiken v. Carroll, 37 Texas, 73; Coleman v. Goyne, 37 Texas, 552; Grant v. Chambers, 34 Texas, 574-589; Annotated Cases, 1916A, page 1230, Notes.

The opinion of the Court of Civil Appeals on the other questions discussed is correct, except as to one,—which, since the case must go back for retrial, we will discuss.

The city of Lamesa is a municipal corporation, incorporated under the commission form of government in accordance with Chapter 21

of the General Laws of the Thirty-third Legislature, and has accepted the provisions and assumed the duties set forth in Chapters 1 to 13 of Title 22 of the Revised Statutes of the State.

The bond issue here involved was $40,000, and the tax for liquidation of the bonds was thirty cents on the $100.00 of taxable property valuation. The Court of Civil Appeals concluded that the power of the city to tax for street improvement purposes was limited by Section 9 of Article 8 of the Constitution to an amount not to exceed twenty-five cents on the $100.00 valuation, although Section 4 of Article 11 of the Constitution provides that cities and towns of five thousand and less inhabitants may assess and collect such taxes as may be authorized by law, in an amount not to exceed one and one-half per cent. of the taxable property of the city.

Article 8 of the Constitution relates to Taxation and Revenue, and Section 9 has reference generally to state, county, and municipal taxation. Article 11 refers to Municipal Corporations, and Sections 4 and 5 have reference to the classification of such corporations according to population, the methods of incorporation applicable, and the powers which each may respectively exercise in regard to levying and collecting taxes. Section 4 of Article 11 as it originally existed in the Constitution of 1876 related to cities and towns having a population of 10,000 inhabitants or less. It provided that this class of cities might be chartered alone by general law, and that they could collect taxes *"to defray the current expenses of their local government"* not in excess of one-fourth of one per cent. (Italics ours.)

Section 5 of Article 11 of the Constitution of 1876 provided that cities having more than 10,000 inhabitants might have their Charters granted or amended by special act of the Legislature, and that they might levy and collect *"such taxes as may be authorized by law"* not to exceed two and one-half per cent. of the taxable property of the city.

These two sections of Article 11 of the Constitution, as they originally stood, thus divided the cities and towns into two classes, with different taxing powers both in amount and purpose. A city of the first named class, having a population of 10,000 inhabitants or less, was not authorized to levy and collect taxes except for *"current expenses"*, and could not have done so but for the existence of Section 9, Article 8, of the Constitution. As to the other class, the cities therein were not limited to the collection of taxes merely for *"current expenses"*, but could collect taxes for any purpose *"authorized by law"*.

Section 9 of Article 8 of the Constitution of 1876 provided that the State tax rate should not exceed fifty cents on the $100.00, and

that no county, *city or town* should levy more than one-half of the State tax, except for debts already incurred, and for the erection of public buildings not to exceed fifty cents on the $100.00, "*and except as in this Constitution is otherwise provided.*" By an amendment to this Section in 1883, a limit of twenty-five cents was fixed for county, city, and town purposes,· and twenty-five cents for the erection of public buildings, street, sewer, and other permanent improvements. These specified limits were to govern, "*except as in this Constitution is otherewise provided.*"

These several sections of the Constitution stood substantially as we have described them when the case of Lufkin v. City of Galveston, 63 Texas, 437, arose. That suit questioned the right of the City of Galveston to levy a tax of ninety-nine cents on the $100.00 valuation of taxable property for general purposes, and seven cents as an emergency·. fund. The city claimed the right to levy this tax by virtue of its charter and under the terms of Section 5 of Article 11 of the Constitution. This original section of . the Constitution we have just explained, and the effect of it was to permit cities having more than 10,000 inhabitants to levy, assess, and collect taxes "*as may be authorized by law.*" Insistance was made that Section 9 of Article 8 as amended in 1883 controlled and limited the general grant of power contained in Section 5 of Article 11 of the Constitution. In that section, as we have seen, it was provided that no city or town could levy more than twenty-five cents for city purposes, and not exceeding twenty-five cents for buildings, street and sewer purposes. This matter came before this Court, and in an opinion by Chief Justice Willie it was held that the provisions of Section 5 of Article 11 were not limited by the terms of Section 9 of Article 8. This Court said that Section 5 of Article 11 related specially to cities of the class designated by the section, and could not be controlled by the general section, which was Section 9 of Article 8. Discussing these provisions, Chief Justice Willie in part said:

"Construing these two sections together in view of the exception provided for in the former, the conclusion is irresistible that cities of ten thousand inhabitants are to be excepted from the maximum limit prescribed for municipal governments as a class, and may levy *ad valorem* taxes to the extent of two and one-half per cent., if so authorized by the legislature."

Section 9 of Article 8 was again amended in 1890 and in 1906, but that portion of the section here under examination remained substantially the same as it was at the time of the decision in the Lufkin case. As the section stands. to-day, it fixes a limit of twenty-five cents for city and town purposes, and twenty-five cents for the erection of public buildings, streets, sewers, waterworks and other permanent improvements, "except as is in this constitution otherwise provided."

The first amendment to Section 4 of Article 9 made the section applicable only to cities of 5000 or less population, but made no change in the original taxation provision. It still confined the powers of taxation under it to *"current expenses"* of local government, with the same limitation as to amount as previously existed. Under that amendment, as under the original section, additional powers of taxation were to be derived from Section 9 of Article 8, to which we have just referred.

Section 5 of Article 11 was amended in 1909 and 1912 in the matter of cities to which it should apply and the method of their incorporation, but in each amendment such cities were authorized to collect *"such taxes as may be authorized by law or by their charters,"* not to exceed two and one-half per cent. of taxable property. It is thus seen that the amendments to Section 5, adopted in 1909 and 1912, were adopted after the opinion of this Court in Lufkin v. City of Galveston, supra, in which we held that the general terms of Section 5, authorizing cities to levy assess, and collect "such taxes as may be authorized by law", not to exceed two and one-half per cent., were not controlled by the limitations of Section 9 of Article 8. This had the effect of adopting the construction previously given this language by this Court in the Lufkin Case. Richey v. Moor, 112 Texas, 493, 497, 249 S. W., 272; Taylor v. Boyd, 63 Texas, 533, 541; Muench v. Oppenheimer, 86 Texas, 568, 26 S. W., 496; Michie's Texas Digest, Vol. 4, p. 400.

Up to this time cities and towns having a population of 5000 or less, however, were controlled by the limitations of Section 9 of Article 8. But in 1920 Section 4 of Article 11 was again amended, and material and far reaching changes made in its original meaning and purpose. This section as amended, in so far as material here, reads as follows:

"Section 4. Cities and towns having a population of five thousand or less may be chartered alone by general law. They may levy, assess and collect such taxes as may be authorized by law, but no tax for any purpose shall ever be lawful for any one year which shall exceed one and one-half per cent of the taxable property of such city."

It is to be noted that in this section as amended the limit of taxation was raised from one-fourth of one per cent. to one and one-half per cent. This was a material and far-reaching change, permitting the levy of six times the amount of taxes that could have been levied under the section before its amendment. It is unreasonable to suppose that this vast increase in the tax rate was not to be accompanied by a corresponding enlargement of the purpose for which the tax money might be expended. And so there was.

We have seen that under this section as it originally stood, the power of taxation thereunder was limited "to defray the current

expenses of their local government.' In the amendment of 1909 this same limitation was carried forward. But in the amendment of ·1920, which is the section as it stands to-day, this limitation was entirely omitted, and the language used originally in Section 5, and the several amendments thereunder, and which was a part of the section when the opinion in Lufkin vs. City of Galveston was written, was substituted for that previously used in Section 4. That is to say, instead of limiting the taxation purpose of Section 4 to ''current expenses for their local government'', cities governed by Section 4 were authorized by the amendment to levy and collect *''such taxes as may be authorized by law.''*

From the change in the language used it must be presumed that there was an intention to change the meaning of the section. Halbert v. San Saba Springs Land etc. Ass'n, 89 Texas, 230, 232, 34 S. W., 639. The words of the amendment ''such taxes as may be authorized by law'', are broad and general, and necessarily embrace every purpose for which a city could exercise the taxing power. Prior thereto a city of the class before us could only find such broad and complete authority in Section 9 of Article 11, and then was compelled to exercise it under the limitations of that section. By taking out of Section 4 the limited right to tax for ''current expenses'' only, and substituting therefor the powers specified in the amendment, it is plain, we think, that the limitations of Section 9 of Article 8 should no longer control. This is entirely consistent with the terms of Section 9 itself, which expressly declares that the limitations therein prescribed should not apply where provision was otherwise made in the Constitution.

In view of the construction of Section 5, and in view of the fact that the people in adopting the amendment to Section 4 in 1920 used precisely the same language, instead of the previous limitation, it is plain that by adopting the amendment to Section 4 in 1920, the people adopted the construction previously given the same language. That is to say, by stating that cities and towns having a population of 5,000 or less might levy, assess, and collect such taxes as may be authorized by law, not to exceed one and one-half per cent., the people intended that Section 4 as thus amended should be dominant and controlling, and that cities operating under that section should be free of the limitations theretofore existing in Section 9 of Article 8.

The caption of the resolution submitting the amendment to Section 4 was broad and general, and persuasive of the correctness of this ·construction. That this interpretation is a correct one, is further emphasized by the legislative construction of the 1920 amendment to Section 4 of Article 11.

The rule is general and elementary that contemporaneous and practical construction of constitutional provisions by the Legislature

in the enactment of laws has great weight and gives rise to a strong presumption that the construction rightly interprets the meaning of the provisions. State v. McAlister, 88 Texas, 284, 286, 28 L. R. A., 523, 31 S. W., 187; Ft. Worth v. Davis, 57 Texas, 225, 233; Cooley's Const. Lim. (7th Ed.), page 102, and see also Michie's Texas Digest, Volume 4, page 398. This rule has been declared by this Court to be peculiarly applicable to the creation and regulation of municipal corporations. State v. McAlister, supra.

In 1921, by Chapter 9 of the Acts of the 37th Legislature, the Legislature amended the previous statute relating to this subject, by declaring that cities and towns of this State having a population of 5,000 or less should have power to levy, assess, and collect "such taxes as such city council or governing body may determine, not to exceed for any one year one and one-half per cent. of the taxable property of such city or town", for current expenses, public buildings, waterworks, sewers, and other permanent improvements, including roads, bridges, and streets. Vernon's Texas Statutes, 1922 Supplement, Article 925. This Act was held valid by the Court of Civil Appeals. City of Henderson v. Fields, 258 S. W., 523.

The amended statute is clearly a legislative determination that the general terms of Section 4 of Article 11 are not limited by Section 9 of Article 8.

With that construction we agree. Bass v. City of Clifton, 261 S. W., 795. The opinion of the Court of Civil Appeals, in so far as it held to the contrary is erroneous. However, the Court of Civil Appeals reversed the case, and reinstated the temporary injunction for other reasons which are sound.

The judgment of the Court of Civil Appeals must, therefore, be affirmed, and it is accordingly so ordered.

*Affirmed.*