**GOODNIGHT et al. v. CITY OF WELLINGTON. (No. 3041.)**

Court of Civil Appeals of Texas. Amarillo.
March 27, 1929.

R. H. Cocke, of Wellington, for appellants.
Luther Gribble, of Wellington, for appellee.

JACKSON, J. The appellants instituted this suit in the district court of Collingsworth county, Tex., seeking an injunction against the city of Wellington and its officers to restrain them from expending any revenues of the city and from levying and collecting taxes on the property within the corporate limits of the city for the purpose of establishing and maintaining a municipal band.

A sufficient statement of the case will be found in the answer of the Supreme Court to a question heretofore certified to it by this court, in 13 S.W.(2d) 353. The answer of the Supreme Court to the question certified is decisive of the constitutionality of the law under which the city of Wellington was acting.

The appellants assail the validity of the election because the petition and the order made by the governing authorities of the city were both insufficient because they failed to set forth the rate of taxes sought to be voted upon or any maximum rate to be levied or assessed.

Article 1269c, R. C. S. 1925, added by Acts 1925, c. 22, § 3, says, among other things: "Such elections shall be held as nearly as possible in accordance with the law in reference to regular elections in said city or town, but said governing body is hereby empowered by resolution to order such elections and prescribe the form of ballot for use therein and the time and manner of holding the same."

There is no provision in the law requiring as one of the requisites of the petition or the order for the election, that they state generally or specifically the rate of taxes to be levied. This contention of appellants is definitely settled against them in Hunter v. Rice et al. (Tex. Civ. App.) 190 S. W. 840.

Appellants also contend that the order for the election was not properly passed and

**1072**

that the election was not held at the place ordered. These contentions are also untenable under the authority of Meyers et al. v. Walker et al. (Tex. Civ. App.) 264 S. W. 314, and a review of the same case by the Supreme Court in 114 Tex. 225, 266 S. W. 499.

Appellants make no contention that any fraud was perpetrated in any way, either in the petition for the election, the order therefor, or the holding thereof, nor that any one was deprived of the privilege of expressing his will at the polls, or that the result, as declared, did not express the will of the qualified voters. An election will not be set aside unless it is made to appear that it was not properly and fairly held. Johnston v. Peters (Tex. Civ. App.) 260 S. W. 911; Barker v. Wilson (Tex. Civ. App.) 205 S. W. 543.

Finding no error in the record, the judgment is affirmed.