### BLEDSOE et al. v. WESLEY et al. (No. 3787.)

Court of Civil Appeals of Texas. Texarkana. Nov. 28, 1929.

Rehearing Denied Dec. 5, 1929.

720

THOMPSON v. CALDWELL et al. (No. 623.)

Court of Civil Appeals of Texas. Eastland.
Nov. 15, 1929.

Rehearing Denied Dec. 20, 1929.

Mike E. Smith, of Fort Worth, and Fred S. Dudley, of Dallas, for appellants.

W. J. Durham, of Sherman, for appellees.

WILLSON, C. J. (after stating the case as above). [1] We agree with appellants in their contention, so far as it is that, if the allegations in their petition, taken as true, as they should be, entitled them to relief by injunction, the court below did not have a right, on his own motion and without notice to them, and an opportunity to be heard about the matter, to dissolve the injunction he had granted (articles 4657 and 4658, Rev. St. 1925; Walker v. Meyers, 114 Tex. 225, 266 S. W. 499; Water Supply Co. v. Green [Tex. Civ. App.] 198 S. W. 631), but we do not agree with them in their contention, so far as it is that their petition stated a case entitling them to such relief.

[2] It will be noted, on referring to the statement above, that appellants' complaint, so far as it was not about conduct of appellees prior to the time the petition was filed, was that appellees were at that time falsely asserting that they, and not appellants, were the officers and trustees of the convention, and that appellees, if not enjoined from doing so, would collect more than $1,000 belonging to the convention. It seems to be well settled that injunction is not available as a remedy for wrongs already perpetrated (32 C. J. 45, and authorities there cited), for mere libel or slander (32 C. J. 272, and authorities there cited), or to enforce mere personal rights, as distinguished from property rights (32 C. J. 272). The only pretense of a property right in the convention as against appellees set up in the petition was as to money which, it was alleged, had been donated and would be donated to the convention. It is obvious the convention had no property right in money not already donated to it, and injunction was not available as a means of collecting money intended for it, but in fact paid to appellees. 32 C. J. 154.

In holding, as we do, that the petition did not state a case for an injunction, and that the court below therefore did not err when he dissolved the writ he had granted, we have assumed (maybe wrongfully) that at the annual meeting of the convention in Marshall in August, 1929, appellants were re-elected to the offices they were holding at the time they commenced this suit, and hence were entitled to continue to prosecute it.

The judgment is affirmed.