## CITY OF KINGSVILLE, TEX., et al. v. MEREDITH et al.

### No. 8985.

Circuit Court of Appeals, Fifth Circuit.

April 20, 1939.

E. H. Crenshaw, Jr., and Gus L. Kowalski, both of Kingsville, Tex., and Marcellus G. Eckhardt and L. Hamilton Lowe, both of Corpus Christi, Tex., for appellants.

W. L. Matthews, of San Antonio, Tex., Jas. B. Hubbard, of Corpus Christi, Tex., A. B. Huguenin, of Dallas, Tex., and James G. Martin, of Wichita, Kan., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was against the City of Kingsville on warrants issued by it for street paving, and other city improvements. The claim was that validly issued, for full and adequate consideration received, the City was yet neglecting and refusing to pay matured interest and warrants, though it was paying other bonds and warrants.

The defense was (1) that the warrants sued on were invalid, because given in payment for work done under a contract not let on competitive bids, as required by the City Charter;[1] (2) that if the whole of them were not invalid, those issued for the paving of thirty-five additional streets without competitive bids were, because in payment of public work done without taking competitive bids; (3) that the major part of them were invalid, because the attempted provision for them was in excess of the City's taxing power,[2] and therefore their issuance represented an unconstitutional attempt to create debts without making provision therefor.[3]

The Equitable Life Insurance Company and other holders of city bonds intervened to set up the same defenses the City had advanced, and to insist that if the City was

---

[1] Section 25, Contracts. All contracts for printing, public improvements and public works of every kind and character, and the purchase of supplies for use in any department of the City, exceeding an expenditure of Two Hundred and Fifty ($250.00) Dollars shall be let on sealed competitive bids after ten days advertisement in some newspaper published in the City of Kingsville, Texas. Art. 5, City Charter.

[2] Section 1. Taxation. The City shall have the power to and is hereby authorized, annually, to levy and collect taxes, not exceeding seventy-five cents (75¢) on each One Hundred Dollars ($100.00) assessed valuation of all real and personal property within city limits for general maintenance purposes, and to levy and collect taxes not exceeding for all purposes, Two Dollars and fifty cents ($2.50) on each One Hundred Dollars ($100.00) of assessed valuation of all real and personal property within the city limits, not exempt from taxation by the constitution and laws of the State. Art. 3, City Charter.

[3] "* * * said cities may levy, assess and collect such taxes as may be authorized by law or by their charters; but no tax for any purpose shall ever be lawful for any one year, which shall exceed two and one-half per cent. of the taxable property of such city, and no debt shall ever be created by any city, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and creating a sinking fund of at least two per cent. thereon; * * *." Section 5, Art. 11, Texas Constitution, Vernon's Ann.St.

estopped by receipt of benefits from contesting the validity of the warrants, they were not.

There was a general reference to a Special Master. He found (1) that the City was estopped from claiming that the work for which the warrants were given was not done on competitive bids, and that the estoppel of the City extended to the intervening bondholders who claimed under it. But he found, too, that approximately $200,000 of warrants and interest were invalid, as issued in excess of the City's taxing power.

The District Judge, agreeing with part, disagreeing with part of these findings, made the following findings of his own: (1) All contracts for the improvements for which the warrants in suit had been given were let on competitive bids, in substantial compliance with the provisions of the City charter. (2) None of the warrants were issued in excess of the City's taxing power, but all were issued in full compliance with charter and constitutional provisions, and all of them are valid. (3) If the warrants are affected by any defects or irregularities, they are formal and procedural alone. They do not extend to their constitutional validity. (4) The City has received full value, has had the use and benefit thereof for more than ten years, and for more than seven years has recognized as valid and made payments on account of all the warrants. (5) It has therefore ratified, and is now estopped to question, their validity, especially as against plaintiffs, who, innocent purchasers thereof, had paid par and accrued interest therefor. (6) The bondholders stand as against the warrants sued on, in like case with the City, and no defenses are available to them which are not available to the City. Defendants and intervenors appeal from the judgment in favor of plaintiffs on these findings.

They make four prime contentions here: (1) That the warrants issued for the improvements are invalid, because the improvements were made upon contracts not let upon bids, as required by the City charter; (2) that this invalidity has not been waived, and the City has not been estopped, by accepting the improvements and warrants, from asserting this defense; (3) that the intervening bondholders do not stand in the same case with the City, and that they may assert this defense against the warrants, so that if the City is estopped to assert this defense against the warrants, they are not; (4) that the greater part of the warrants are invalid, because the City charter dedicates 75¢ of the taxing power to general maintenance purposes, thus withdrawing it from other uses, and the remaining taxing power is insufficient to sustain the warrants.

Appellees on their part, insist that the District Judge was right in finding that, in making provision for the warrants, the City did not exceed its taxing power, or in any manner violate any constitutional debt-making limitation. They insist, too, that he was right in finding that there was substantial compliance with the charter provision for competitive bids, and that if there are any defects in the warrants they are not substantial, but only formal and procedural, and the City having received full value, and having fully ratified, by accepting both the doing of the work, and the warrants issued in payment for it, is estopped now to contest them.

We agree with appellees. The point appellants make against the warrants, that they are invalid because issued in violation of constitutional limitations on the City's debt making and taxing power, finds support, we think, neither in the language of the charter, nor in the Carroll case [4] appellants cite. The only constitutional limitations on the taxpaying and debt creating power of the City of Kingsville are those imposed by Section 5, Article 11 of the Texas Constitution. Without attempting to apportion it, they limit the taxing power generally for all purposes to 2½%, and prohibit the creation of a debt without providing for interest and sinking fund. The City was likewise authorized by its charter, without apportionment, "to levy and collect taxes not exceeding, for all purposes, $2.50 on each $100 of assessed valuation." The provision in the charter that the City is authorized "to levy and collect not exceeding 75¢ for general maintenance purposes" is not as appellants claim it is, an apportionment, a setting apart exclusively to maintenance purposes, of that much of the taxing power. It is merely a limitation imposed upon the use of the taxing power for that purpose. The words "not exceeding," in themselves, are words not of grant or apportionment, but of limitation only, and standing alone are

---

4 Carroll v. Williams, 109 Tex. 155, 202 S.W. 504.

ordinarily so construed. Stuyvesant Ins. Co. v. Jacksonville Oil Mill, 6 Cir., 10 F.2d 54. The context in which they are here used makes that construction more imperative, for instead of a following provision for $1.75 "for all other purposes," as would have been the case, if apportionment had been intended, there follows a general provision for the levy and collection, without apportionment, and "for all purposes," of the full $2.50 constitutional levy.

The Carroll case, on which appellants rely, is not at all in point. It had to do with county levies, and with a wholly different constitutional provision, Section 9, Article 8. That section, unlike the constitutional and charter provision in question here, contained no general clause authorizing a total levy. It specifically authorized separate and specific levies for separate and distinct purposes.

■ The constitutional and charter provisions controlling here are not so drawn. Without apportionment, they fix the taxing limit at 2½%. C/f City of Tyler v. Jester, 97 Tex. 344, 78 S.W. 1058; Bass v. City of Clifton, Tex.Civ.App., 261 S.W. 795; Walker v. Meyers, 114 Tex. 225, 266 S.W. 499. In determining whether a Texas city has exceeded its debt limit, three things are to be considered: (1) The maximum rate per hundred which the city may levy on taxable property within its limits; (2) the amount required annually to pay interest and a 2% sinking fund; (3) the total assessed value of the taxable property within the city. It is admitted here that the City's taxing power, if based on a 2½% tax rate, without apportionment of 75¢ to maintenance, was ample to provide for interest and sinking fund when each of the warrants was issued, and that such provision was made. It is plain that the charter did not apportion 75¢ to maintenance, and that the warrants were within the debt limit.

■■ Appellants' other propositions, that the charter provision for taking competitive bids was violated, and that the City is not, or if it is, intervening bondholders are not, estopped to contest the warrants, are no better taken.

We agree with the District Judge that the charter provision for competitive bids was substantially complied with, and that neither the City nor the intervening bondholders can attack the warrants. The taking of unit price bids under proposals to do "approximate" but undetermined quantities of paving, the bidding on "all of the improvements to be constructed, with the types of material for which I have submitted bids," and the making of the contract giving the City the right to require the improvement of additional streets at the same unit price, did not, in our opinion, violate either the spirit or the letter of the charter requiring competitive bids. When, as here, it is admitted that in proceeding under such bid and contract the City got full and fair value for all the paving that was done, it would be a sticking in the bark to say that the charter had been violated. Whether that kind of bidding and of contractual provision would be held a sufficient compliance with the charter to support work done at a later time, the proof showing that the unit price bid was higher than the price obtaining when the later work was done, is not before us. Here we have no case of that kind of bidding and contracting as a mere subterfuge, in order to avoid the provision for competitive bidding, and to subject the City to exorbitant or excessive charges.

On the record before us, it is admitted that there was no subterfuge, no oppression; that all the work was done at a fair and reasonable price, and no claim is made that the unit price bid was greater than the price prevailing at the time the work was done.

Upon this kind of showing we think it quite clear that the District Judge was right in holding that the charter provision for letting the contract upon advertisement for bids was substantially complied with, and that the warrants, containing recitals that each and every step necessary had been taken and carried out, are valid and enforceable. Especially was he right in holding so, when the record shows without conflict, that the work was accepted by the City, the warrants were recognized as valid and binding, and they are now in the hands of persons who paid full value for them, at par and accrued interest, upon the faith of the facts being as they were recited to be.

■ This is not to say at all that warrants are negotiable instruments, or that innocent purchasers, in reliance upon their recitals, may hold them against defenses of fraud, lack of consideration, or want of constitutional power. The contrary has been many

times decided by this and other courts. Lasater v. Lopez, 110 Tex. 179, 217 S.W. 373; City of West University Place v. Pleasant, 5 Cir., 90 F.2d 844; Nacogdoches County v. Lafferty, Tex.Com.App., 61 S.W. 2d. 994; Wall v. Monroe County, 103 U.S. 74, 26 L.Ed. 430; City of Weslaco v. Porter, 5 Cir., 56 F.2d 6. It is to say, however, as the Supreme Court of Texas has said of county warrants:

"Before public securities so issued are invalidated by the judgment of a court, it ought to be plain that their issuance was in violation of law." Lasater v. Lopez, supra [110 Tex. 179, 217 S.W. 375].

It is to say that "though warrants are nonnegotiable, and, being only prima facie evidence of the liability of a public body like a county, may be overthrown by proof impeaching them, they are valid until overthrown [by impeaching proof], and the burden of overthrowing them is on the attacker." Sabine County v. Brown-Crummer Inv. Co., 5 Cir., 76 F.2d 559, 561.

Where, as here, nothing is shown to impeach the good faith of the transaction, nothing to question the receipt of full value, nothing to point to constitutional defects, warrants given for work done and accomplished ·may not be defeated by either the City or by bondholders, whose bonds, looking without priority, to the same general sources for their payment, are on a parity with all the other similar valid obligations of the City. Bankers Life Co. v. Breckenridge Ind. School District, 128 Tex. 203, 97 S.W.2d 933, 108 A.L.R. 1010; Supreme Forest Woodmen Circle v. City of Belton, 5 Cir., 100 F.2d 655.

Appellants are mistaken in their view that appellees' real suit is properly upon a quantum meruit for value received. It is upon the warrants. Payne v. First National Bank, Tex.Com.App., 291 S.W. 209; Hidalgo County v. Creath, 5 Cir., 68 F.2d 119; City of Belton v. Brown-Crummer Inv. Co., 5 Cir., 17 F.2d 70; Sabine Co. v. Brown-Crummer, supra.

The record in this case shows that the warrants are not constitutionally defective, that such defects if any, as they may have, are merely formal and procedural; that the City has received full value for the warrants, has accepted ·and used for more than ten years the improvements for which the warrants were given, and has for

'years recognized the warrants as valid and made payments on account of them.

The judgment was right. It is affirmed.