

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 24, 1958

Hon. Ramie Griffin
District Attorney
Jefferson County
Beaumont, Texas

Opinion No. WW-465

Re: Is the United States
required to pay the
indexing fee as provided
by Art. 3930 in addition
to the $1.00 fee which
they are required to pay
under Article 6644?

Dear Mr. Griffin:

You request the opinion of this office upon the above-captioned matter.

To answer your request, we make reference to certain statutory provisions -- one Federal and two State. Section 6323, 26 U.S.C.A. 451 provides in part as follows:

"Except as otherwise provided in subsection (c) the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate --

"(1) Under state or territorial laws. -- In the office designated by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law designated an office within the State or Territory for the filing of such notice; or. . ."

Pursuant to the Federal authority thus granted, the Fifty-third Legislature, Regular Session, passed House Bill No. 61, found on pages 12 and 13 of the General and Special Laws of that Legislature. The pertinent portion of this statute is as follows:

"Section 1. Article 6644, Revised Civil Statutes of Texas, 1925, is hereby amended so as to hereafter read as follows:

"'The county clerk of each county is authorized to, and shall either file, or file and record, as is or may be provided by the laws of the United States,

every notice, abstract or statement of any lien or
claim, or release or discharge thereof, in favor of
the United States or of any department or bureau
thereof, when any such notice, abstract or state-
ment prepared in conformity to the laws of the United
States, is presented to him for filing or filing and
recording.  The county clerk shall number such notices,
abstracts or statements, in the order in which they
are filed, and if they are required to be recorded,
he shall record them in a well-bound book to be
styled, "Federal Lien Record," and in either case he
shall index them alphabetically under the names of
the persons named therein or affected thereby, such
index to be kept in a well-bound book styled, "Index
to Federal Liens," and the county clerk shall charge
a fee of One Dollar ($1) for each instrument filed
or recorded.  His failure to file, record or index
properly any such notice, abstract or statement as
herein required, or to be compensated therefor,
shall not affect the validity or legality of any
such lien or claim, or release or discharge thereof.'"

The Fifty-fifth Legislature in 1957 amended Article 3930,
Vernon's Civil Statutes, pertaining to the fees of clerks of
the County Court.  This is Senate Bill No. 237 and is found in
the General and Special Laws of that Legislature on pages
477-478.  The pertinent portion of this statute is as follows:

"'Clerks of the County Court may receive not to
exceed the following fees:

". . .

"'Indexing each name in any instrument required
or permitted to be filed, recorded or registered
in the office of the County Clerk                    .10

". . ."

It is apparent that the act of the Fifty-third Legisla-
ture passed in 1953 pertaining to the filing and recording of
Federal liens with respect to Federal taxes is a special act
dealing specifically with that particular subject, and being
for the specific purpose of providing the fee of One Dollar
($1) where none had been charged before; whereas the 1957
amendment to Article 3930, V.C.S., is a general statute passed
for the purpose of increasing the fees of the County Clerk and
for the first time added a fee for indexing -- this fee being
ten cents (10¢).  These two acts, namely the 1953 act pertaining

to filing and recording of Federal liens in the office of the County Clerk and the 1957 act adding a fee of ten cents (10¢) to be paid the Clerk for indexing, are not inconsistent and both may be given effect.

Since Article 6644, V.C.S., is a special statute it should be treated as an exception to Article 3930, V.C.S., the general statute.  Walker v. Meyers 114 Tex. 225 266 S.W. 499.

In construing Article 6644, V.C.S., its plain terms provide that the One Dollar ($1) fee embraces a charge for indexing as well as filing and recording.  In the absence of clear legislative intent to the contrary, it must be assumed that the fee of One Dollar ($1) is all that may be charged for filing, recording and indexing.

It is therefore our opinion that the ten cents (10¢) fee provided for indexing in Article 3930, V.C.S., may not be imposed in addition to the One Dollar ($1) provided in Article 6644, V.C.S.  In other words, the indexing fee of ten cents (10¢) provided in Article 3930, V.C.S., has no application to Article 6644, V.C.S., which fixes a fee of One Dollar ($1) for all the service performed by the County Clerk in connection with the filing, recording and indexing of Federal tax liens.

## SUMMARY

The fee of ten cents (10¢) provided by general law included in the amendment to Article 3930, V.C.S., passed by the Fifty-fifth Legislature in 1957 may not be charged for filing, recording and indexing Federal tax liens as provided in Article 6644, V.C.S., as amended in 1953.

Yours very truly,

LPL:db
APPROVED:
OPINION COMMITTEE

Geo. P. Blackburn, Chairman
J. Arthur Sandlin
Wayland C. Rivers, Jr.
Richard B. Stone

WILL WILSON
Attorney General of Texas

By  L. P. Lollar
     Assistant

REVIEWED FOR THE ATTORNEY GENERAL
By:  W. V. Geppert