

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 27, 1958

Honorable William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin, Texas

Opinion No. WW-401

Re: Is a county mutual insurance company which writes automobile insurance subject to the automobile rate and policy provisions of Article 5.01, et seq., Texas Insurance Code?

Dear Sir:

Your request for an opinion is as follows:

"The last session of the Texas Legislature authorized county mutual insurance companies qualifying to write casualty lines for state-wide operation to write all lines of automobile insurance. Under Chapter 5 of the Insurance Code, the writing of all automobile insurance in this State is subject to regulation and control by the Board of Insurance Commissioners, and the Board fixes and promulgates classifications, rates and policy forms for automobile insurance. However, Chapter 17 of the Code makes county mutual insurance companies exempt from operation of certain of the insurance laws of this State.

"We respectfully request your opinion as to whether a county mutual insurance company writing automobile insurance is subject to the provisions of Article 5.01, et seq., of the Texas Insurance Code, and must therefore comply with the automobile rating and policy laws of this State, and the regulations of the Board of Insurance Commissioners?"

As pointed out in your request, county mutual insurance companies are regulated by the provisions of Chapter 17, Texas Insurance Code. Section 5 of Article 17.25 specifically makes county mutual companies subject to the provisions of Article 5.06 of the Code which requires the Board to prescribe policy forms for insurors writing automobile insurance in this State. Therefore, county mutual insurance companies writing automobile insurance must use policy forms and endorsements promulgated or approved by the Insurance Department under the provisions of Article 5.06.

As to the portion of your request concerning the automobile rate provisions of Article 5.01, et seq., we experience more difficulty in an-

swering the question. Article 5.01 provides that "every insurance company, corporation, interinsurance exchange, mutual reciprocal, association, Lloyds' or other insuror. . . writing any form of motor vehicle insurance in this State" shall be subject to the rates of premiums promulgated and fixed by the State Board of Insurance. This statute authorizes the State Board of Insurance to prescribe and fix automobile rates within this State, and would appear to require every insurance company writing such insurance to comply with the rates established by the Board. However, Article 17.22 of the Code provides that "county mutual insurance companies shall be exempt from the operation of all insurance laws of this State, except as in this Chapter specifically provided. . ." Throughout Chapter 17 certain other enumerated statutes are made to apply to county mutual companies; but nowhere in Chapter 17 are the provisions of Article 5.01, and the other statutes authorizing the Board to fix automobile rates and requiring companies to comply with these rates, specifically made applicable to county mutual insurance companies. Section 1 of Article 17.25 does authorize county mutual companies qualifying to write casualty lines for state-wide operations to "write all lines of automobile insurance". However, this statute does not specifically require county mutuals to comply with the rates of premiums fixed and promulgated by the Board under Article 5.01. The provision authorizing county mutuals to write all lines of automobile insurance was enacted by the 54th Legislature. At the same session the Legislature amended Article 17.22 and provided specifically that county mutual companies would be subject to the provisions of certain enumerated statutes, but did not include therein Article 5.01. As the 54th Legislature authorized county mutual companies to write automobile insurance, it could have required the companies to be subject to the automobile rate laws when it amended Article 17.22 if that had been the legislative intent. This the Legislature did not do. Therefore, Section 1 of Article 17.25 appears to be a naked authorization to the companies to write all lines of automobile insurance, without the companies being subject to the automobile rate laws.

Article 18.23, dealing with Lloyds' companies provides that Lloyds' shall be exempt from the operation of all insurance laws of the State except as is provided in Chapter 18 "or unless it is specifically so provided in such other law that same shall be applicable" to Lloyds'. As Article 5.01 mentions Lloyds' companies, the "or" provision in Article 18.23 comes into effect and the Lloyds' companies are subject to the rating provisions of Article 5.01. The same type of statute and construction of the statute is applicable to reciprocal exchanges. Article 19.12. However, Article 17.22 dealing with county mutuals does not have such an "or" clause, and specifically exempts county mutuals from all other insurance laws except those specifically enumerated within the bounds of Chapter 17. Therefore, while Article 5.01 generally mentions mutual companies and all other insurance companies writing automobile insurance within the State, Article 17.22 is specific and is an exemption or exception statute to the general law Article 5.01. Walker v. Meyers, 114 Tex. 225, 266 S.W. 499; Cameron v. City of Waco, 8 S.W.2d 249; Snoddy v. Cage, 5 Tex. 106; 39 Tex.Jur. p. 191, 277.

Therefore, we are of the opinion that (1) county mutual insurance companies operating under the provisions of Chapter 17 of the Insurance Code and writing automobile insurance are subject to the automobile policy provisions of Article 5.06 of the Code, but (2) county mutual insurance companies writing automobile insurance are not subject to the automobile rate and premium provisions of Articles 5.01, et seq., of the Code.

## SUMMARY

County mutual insurance companies are subject to the automobile policy provisions of the Texas Insurance Code, but are not subject to the automobile rate and premium provisions of the Texas Insurance Code.

Very truly yours,

WILL WILSON
Attorney General of Texas

Fred B. Werkenthin
Assistant Attorney General

FBW:dac

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman
Wallace Finfrock
Morgan Nesbitt
Richard Stone

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert