**HOPKINS COUNTY LEVEE IMPROVE-
MENT DIST. NO. I et al. v. SMITH
et al. (No. 2976.)**

(Court of Civil Appeals of Texas. Texarkana.
Nov. 27, 1924. Rehearing Denied
Dec. 18, 1924.)

Levees and flood control ⊂══22—Statute held
to authorize taxation for construction and
maintenance of levees, notwithstanding pre-
vious exercise of taxing power to retire bonds
issued therefor.

Under Act 34th Leg. (1915) c. 146, §§ 1,
7, 30 (Vernon's Ann. Civ. St. Supp. 1918, arts.
5530, 5534a, 5558) and in view of Vernon's
Ann. Civ. St. Supp. 1922, art. 5107—270, and
Const. art. 16, § 59, county levee improvement
districts may levy taxes to pay for construc-
tion and maintenance and to retire bonds issued
therefor, and are not limited to either alterna-
tive, hence, where commissioners' court had
levied taxes for interest and sinking fund to re-
tire bonds, it did not exhaust taxing power, and
could be compelled to levy taxes to pay valid
judgment for damages to property resulting
from construction.

Appeal from District Court, Hopkins Coun-
ty; Geo. B. Hall, Judge.

Suit by Hopkins County Levee Improve-
ment District No. 1 and others against Mrs.
Hattie Smith and others, in which defend-
ants filed cross-bill for writ of mandamus
to compel the commissioners' court of Hop-
kins county to levy tax to pay judgment in
previous action. From judgment for plain-
tiff and for defendants on their cross-bill,
plaintiffs appeal. Affirmed.

Dial, Melson & Brim, of Sulphur Springs,
for appellants.

R. D. Allen, of Sulphur Springs, for ap-
pellees.

HODGE, J. Hopkins county levee im-
provement district No. 1 was organized in
1918 under the act of the Thirty-Fourth
Legislature passed in 1915. See chapter 146,
p. 229, Acts of the Regular Session (Vernon's
Ann. Civ. St. Supp. 1918, arts. 5530–5584d).
The purpose for which the district was or-
ganized was to erect, "dig and build canals,
ditches, laterals and levees required for the
protection of said district from overflows,
and to complete the drainage thereof, and to
maintain the dams in the manner provided
and contemplated by law." On September
3, 1921, the appellees recovered a judgment
in the district court of Hopkins county
against the district for damages in the sum
of $1,000, with interest and costs. The
judgment was based upon an alleged injury
to their property resulting from the construc-
tion of the improvements of the district. An
execution was thereafter issued upon that
judgment, and on the 11th day of June, 1923,

was levied upon the levees which had been
constructed for the purpose of protecting
the lands of the district from overflow.
On August 1, 1923, this suit was filed by the
levee district and by the state of Texas
for the use and benefit of the district and by
the supervisors of the levee district, in the
district court of Hopkins county, seeking
to enjoin the sale of the levees referred to
under the execution theretofore issued. The
appellees filed an answer and a cross-bill set-
ting up the recovery of the judgment above
mentioned, and prayed for the issuance of
a writ of mandamus compelling the com-
missioners' court of Hopkins county to levy
a tax on all the property situated in district
No. 1, at a rate not to exceed 50 cents on
the $100 valuation of property, or so much
thereof as might be necessary to pay their
judgment. In the trial which followed judg-
ment was rendered enjoining the sale of the
property of the district under the execution
referred to, and also a judgment in favor of
the appellees granting the writ of mandamus
prayed for. From that judgment an appeal
has been prosecuted by the appellants, who
were the plaintiffs in the injunction suit.

Practically the only question presented in
this appeal is one which challenges the au-
thority of the district court to direct the
commissioners' court of Hopkins county to
levy the tax for the purposes of satisfying
the judgment theretofore rendered in favor
of the appellees. The contention is that the
act under which the district was organized
confers no power upon the commissioners'
court to levy such a tax, and therefore the
judgment granting the writ of mandamus
was unauthorized.

The first section of the act (Vernon's Ann.
Civ. St. Supp. 1918, art. 5530) under which
the district was organized provides, among
other things:

"Such districts, when so created, established
and defined, may build and construct, or cause
to be built and constructed and maintained,
levees or other improvements on all rivers,
creeks and streams within such district, or
which may border on the same, to prevent over-
flows thereof, and may, or may not, issue bonds
in payment therefor, and the maintenance
thereof, and may levy and collect taxes for the
payment of said bonds and interest thereon;
and may levy and collect taxes for the mainte-
nance and upkeep of the levees and other im-
provements in said district, as hereinafter pro-
vided; and may acquire by grant, condemnation
or otherwise such levees or other improvements
as may already have been constructed in such
district."

Section 7 of the act (article 5534a) contains
the following:

"If, after being declared a body corporate, as
hereinbefore provided, any levee improvement
district shall desire to accomplish the recla-
mation authorized by this act, without the is-

⊂══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

suance of district bonds, it is hereby empowered to do so, and may employ all the necessary assistance, make all the necessary purchases, and do all things needful to effect such reclamation, and may provide the funds therefor in such manner as such district may deem best; and all expenses of whatsoever nature incurred in connection with such work shall be a liability against such district. Such district shall have all the rights, powers, privileges and obligations provided in this act, and shall be subject to all the supervision, approval and control of the state reclamation engineer," etc.

Section 30 (article 5558) is as follows:

"If the said district shall issue bonds as herein provided for the construction of the improvements authorized by this act, all proper expenses incurred by said district from and after its creation shall be paid out of the construction and maintenance funds of said district, which funds shall consist of all moneys or property received by such district, whatsoever the source, except tax collections applied to sinking funds and the payment of interest on the district bonds. * * *"

"Sec. 44. In all such levee improvement districts heretofore created under any law of this state, or that may hereafter be created, the commissioners' courts of the respective counties are hereby authorized to levy and cause to be assessed and collected, for the maintenance and upkeep of the levees and other improvements in such districts, an annual tax not to exceed 50 cents on the one hundred dollar valuation upon all the property, real, personal and mixed within the said district." Article 5569a.

Other portions of the act confer upon such districts the power to condemn property when necessary to make the contemplated improvements. Section 4 of the Cannales Act, adopted in 1918, and which appears as article 5107—270 of Vernon's Ann. Civ. St. Supp. 1922, contains the following:

"All limitations of indebtedness authorized to be incurred and taxes to be levied, imposed by section 52 of article 3 of the Constitution, and any and all laws under which any such district has been or may be organized, are removed as to all districts which may become conservation and reclamation districts under the terms of this act."

Under the provisions of what is known as the "conservation amendment" adopted in 1917, which appears as section 59 of article 16 of the Constitution, such districts "shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject-matter of this amendment as may be conferred by law. * * * The Legislature shall authorize all such indebtedness as may be necessary to provide all improvements and the maintenance thereof requisite to the achievement of the purposes of this amendment, and all such indebtedness may be evidenced by bonds of such conservation and reclamation districts," etc.

266 S.W.—51

It appears that improvement districts of this character have the power to levy taxes for two purposes; one to raise funds to be used in the construction and maintenance of the improvements required, and the other for the retirement of bonds issued for the purpose of raising the needed funds. According to the findings filed by the trial judge, the appellant district has levied taxes only for the purpose of raising an interest and sinking fund to retire bonds theretofore issued. No levy has ever been made for taxes to raise a fund to be used in the work of construction, or for the payment of damages resulting from the improvements made.

If the commissioners' court of Hopkins county ever had the power to make such a levy that power has not been exercised or exhausted. That a fund for construction and for the payment of incidental expenses which may grow out of the improvements made might be raised by direct taxation of the property situated in the district is, we think, authorized by the terms of the statute. That the judgment here involved is a valid liability against the district is not denied. It must also be assumed that it is a liability which the district might lawfully incur in the construction of the necessary improvements. That being true, the taxation authorities of the district may be compelled to levy taxes sufficient to pay the judgment, unless that taxing power had been exhausted. The only taxing power that has been exercised in this instance is that which authorized the creation of an interest and sinking fund for the bonds issued. That fund, however, cannot be diverted to the payment of any other liability. If the district issues bonds for a sum less than what it might issue and less than what is required to pay for the work of constructing the improvements and the incidental damages, it cannot complain of the enforced collection of a general tax to meet its legal obligations if these might have been provided for by a larger bond issue. The language of the statute, "and may, or may not, issue bonds in payment therefor," etc., does not limit the district to the exercise of only one of the alternative methods of raising the needed funds. It may use either or both methods, provided it does not exceed the limits elsewhere prescribed in the statute.

We conclude that the power to levy the tax directed in the judgment appealed from is clearly implied, if not in express terms authorized, by the Act of 1915 considered in its entirety. Section 7, referred to above, after authorizing and empowering the district to employ all necessary assistance, make all the necessary purchases, and do all things needful to effect such reclamation, said:

"And may provide the funds therefor in such manner as such district may deem best; and all

expenses of whatsoever nature incurred in connection with such work shall be a liability against such district."

The judgment will therefore be affirmed.