## HIDALGO COUNTY DRAINAGE DIST. NO. I et al. v. INTERNATIONAL CREOSOTING & CONSTRUCTION CO.

### No. 8910.

Court of Civil Appeals of Texas. San Antonio.

Nov. 16, 1932.
Rehearing Denied Dec. 14, 1932.

Griffin, Kimbrough & Cox, of McAllen, and Bryce Ferguson, of Edinburg, for appellants.

C. K. Richards, of Brownsville, for appellee.

FLY, C. J.

This suit was instituted by appellee against appellants, the drainage district and Hidalgo county, to recover on certain warrants issued by such district to J. D. George Construction Company, alleged to have been purchased by appellee, before maturity, for value, in good faith. It was alleged that the commissioners' court of Hidalgo county levied a tax sufficient to pay such warrants on property owners of the district, and the duty devolved on the drainage district to collect such taxes and apply the same to the payment of the warrants. That duty the district had failed and refused to perform. An injunction was sought to restrain appellants from using or disposing of any taxes collected by the district, or that might be collected during the pendency of the suit. A temporary injunction was granted. The cause was tried on its merits, without a jury, and judgment rendered in favor of appellees for the full sum of the warrants and the assessment and collection of taxes necessary to pay the judgment was ordered.

The J. D. George Construction Company performed certain labor and furnished material to appellant district for certain improvements and repairs on the system, under the terms of certain contracts duly executed between the drainage district and said construction company. Warrants were issued to evidence the indebtedness due to the construction company. Appellees were purchasers in good faith of the warrants. The court found:

"On February 14, 1929, when said original contract between the Drainage District and J. D. George Construction Company was made, all parties contemplated that the work to be done and material furnished under the terms of said contract should be paid for from current funds of said Drainage District for the year 1929 accruing to the Maintenance and Construction Fund of said District from the levy of a tax as authorized by the terms and provisions of articles 8137 and 8138 of the Revised Civil Statutes of Texas, 1925, but that such funds would not actually be available for that purpose prior to February 1, 1930, that portions of the work to be done might not be completed prior to January 1, 1930, and payment therefor might need to be made from taxes levied for the year 1930; and on May 13, 1929, and before any work had been done or material furnished under the terms of said contract, the Commissioners' Court of Hidalgo County, Texas, by an order duly entered in its Minutes of that date, based upon the annual report of the Drainage Commissioners of Defendant District, made in compliance with the provisions of article 8137 of the Revised Civil Statutes of Texas, 1925, estimated the probable cost of maintenance and needed repairs on the improvements then within said District during the next ensuing year in the sum of One Hundred Thirty-four Thousand Dollars ($134,000.00), and likewise estimated the amount of all lawful demands, debts, and obligations then existing as against said District, and duly and lawfully levied and assessed a tax of forty cents on each hundred dollar valuation of the property situated within said District to maintain, keep in repair, and preserve the im-

provements in said District and to pay all legal, just and lawful debts, demands, and obligations against said District, and provided that one-half of said tax should be used solely for the purpose of maintaining, keeping in repair, and preserving the existing improvements in said District and that one-half of said tax should be applied to the payment of all legal, just, and lawful debts, demands, and obligations then existing against said District.

"When said supplemental agreement of October 16, 1929, between Defendant Drainage District and J. D. George Construction Company was made, it was contemplated by both parties thereto that all work done and material furnished under the terms of said agreement of February 14, 1929, as modified, should be paid from the current Maintenance and Construction Fund of said District to be derived from the collection of the tax above mentioned, when collected, on or about February 1, 1930, but that it might not be practicable for said contract to be completed during the calendar year 1929, and that collections actually made from the tax levy for the year 1929 might not be sufficient to complete payment for all the work done and labor and material furnished by said Construction Company under the terms of said contract, in either of which events payment therefor should be made by Defendant Drainage District from the proceeds of a further tax to be levied for the year 1930 in accordance with the provisions of articles 8137 and 8138 of the Revised Civil Statutes of Texas, 1925.

"On October 5, 1931, there were funds on hand in the Maintenance and Construction Fund of Hidalgo County Drainage District No. 1 against which the warrants here in suit were drawn in the sum of approximately ninety thousand dollars ($90,000.00), which funds were the proceeds of taxes duly levied, assessed, and collected by said Hidalgo County Drainage District No. 1 for the years 1929 and 1930 respectively for the purpose of paying for the maintenance, preservation, and repair of existing improvements in said District, and the payment of legal, just, and lawful debts, demands, and obligations assessed against said District; and the amount due by Defendant District on the warrants here in suit should be paid from such fund."

■ The judgment is supported by the pleadings and the evidence as found by the trial court, and the first and second propositions are overruled. The warrants themselves answer the attack on the petition and the latter was not open to general demurrer. There is no fundamental defect in the petition. The petition contained allegations necessary to a recovery, the warrants recited the consideration, and they were in effect approved by the commissioners' court of Hidalgo county. The contract was made for a lawful purpose, the work was performed, the materials furnished, and the district should pay for them.

■ The work was furnished for repairs and improvements on an existing district, and the materials were furnished and used for those objects named in the contract. A vote of the taxpayers of the district was not essential to the validity of the contracts made by and between the parties. It was never contemplated by law that every time repairs and improvements become necessary in a drainage district a vote must be held. The authorities of the district were fully authorized to do all they did in the premises. The commissioners' court has full authority by article 8138, Revised Statutes, to provide for the payment of the debts evidenced by the warrants. The third and fourth propositions are based on bare and unreasonable technicalities, and should not meet with favor at the hands of a court of justice. The fifth proposition is also overruled.

The supplemental contract was made in the interest of the district, and it received the benefits from it. The sixth proposition is overruled.

This court sees no necessity for entering into a discussion of the law permitting the organization of the district, and no statute or decision has been cited that tends to destroy the right of the district to issue warrants for debts incurred for repairs made on the property of the district. The case of Foster v. City of Waco, 113 Tex. 352, 255 S. W. 1104 has no applicability to the facts of this case. The article cited from the Constitution is not in point. Article 16, § 59, subd. (c).

The propositions are all overruled. They show no reason for a reversal, and the judgment is affirmed.