## HIDALGO COUNTY DRAINAGE DIST. NO. 1 v. CREATH.

### No. 6765.

Circuit Court of Appeals, Fifth Circuit.

Dec. 16, 1933.

Rehearing Denied Jan. 13, 1934.

B. D. Kimbrough, of McAllen, Tex., W. C. Douglas, of San Antonio, Tex., and R. D. Cox, Jr., of McAllen, Tex., for appellant.

W. J. Rutledge, Jr., of Dallas, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee owns fifty-five refunding warrants of Hidalgo county drainage district No. 1, each reciting on its face that it had been duly issued by the drainage commissioners for value received, pursuant to the terms of orders entered by the commissioners' court, and each purporting to be a valid obligation of the district. Default having been made on the interest of them all, and the principal of some of them, on January 21, 1932, plaintiff brought this suit to recover on them all. He alleged that the 1931 interest was due and unpaid, that three of the warrants were past due and unpaid, and that the others would be maturing some on February 15, 1932, others on February 15, 1934, 1936, 1938, 1939, and 1940.

Appellant, by demurrer and answer defended against the warrants primarily on the ground that they were void because representing debts created without a vote as required by section 59, art. 16, of the Texas Constitution, relating to conservation and reclamation districts. It was as a subordinate matter of defense urged that both on their face, and by the recitals in the orders authorizing their issue it was made plainly to appear that they had been issued without authority. No evidence was offered to contradict the recitals they carried, that the district had had value for the indebtedness they evidenced. No evidence was in fact offered on that point. Appellant stood on its defenses that the Constitution forbade them and that there was no statutory authority for them.

If there are in fact actual defenses to these warrants on account of want of consideration or fraud, or other defect of substance, they are not made anywhere to appear. Submitted to the court by agreement on a jury waiver and on an agreed statement of facts with some undisputed evidence, this is what the record shows in regard to the warrants.

To pay for a large amount of drainage work done for the district by the George Construction Company, warrants, each for $1,000, were issued. A large part of these warrants were an issue of $114,000 dated November 12, 1929. Fifty of these came in the due course of trade into the hands of the First National Bank of Smithville, in the summer of 1929. These maturing February, 1930, and being presented for payment, twenty of them were paid and it was agreed that for thirty of them the bank would accept thirty refunding warrants of the November, 1929, series. Unable to effect the exchange because, as the commissioners stated, they could not get these back from Mr. George, it was agreed that the bank would take instead thirty-three refunding warrants of a different issue of the district. This issue, made January 15, 1930, was to take up outstanding scrip incurred for rights of way in connection with the district's drainage system. These warrants matured three in 1931,

fourteen in 1932, thirteen in 1933, and three in 1936. The exchange was effected and the original George warrants were surrendered to the county and canceled.

After obtaining these warrants the bank, by purchase and in due course of trade, acquired twenty-two more warrants, four of these of the same series as the thirty-three, maturing however in 1936, 1938, and 1940, fifteen of a $100,000 issue dated January 15, 1930, issued like the others, for the same purpose, and maturing in 1939 and 1940, and three of the $114,000 George refunding series, which it had been originally proposed the bank should take in exchange for the $30,000 George warrants it held. These matured in 1934.

To the defendant's subordinate claim that there were defects in the $150,000 issue of warrants of which plaintiff had taken thirty-three in exchange for the George warrants it held, and that they were not valid obligations in its hands, plaintiff, by supplemental pleading, alleged that if this were so it should be now given judgment on its original George warrants. To defendant's subordinate claim against the other issues plaintiff entered a general denial, reaffirmed its character of purchaser in due course and in good faith, and claimed the protection of the recitals.

The District Judge filed neither opinion nor conclusions of fact and law, but in his decree he undertook to set accurately out what he had in fact determined. This was, that as to the unmatured warrants the suit was prematurely brought, and plaintiff could not therefore recover in it as to them. That attorneys' fees were not recoverable; that plaintiff was entitled to recover the matured interest on all the warrants and the face of all the matured ones. He thus, while denying plaintiff's recovery on the principal of some of the warrants for prematurity of suit, found them all valid as to the interest due on them against the defenses urged, and gave judgment as to those already due. Since he allowed recovery on only seventeen of the thirty-three warrants the bank took in exchange for the thirty George warrants it held, he did not pass directly upon the validity of the bank's claim to this excess, but by allowing interest on the whole he did in effect do so.

■ It appears to us, on the record before us, that it was competent for the county and the bank to exchange the warrants on an even basis, and that the exchange was valid except as to the $3,000 excess. We think it was not as to this, and that the allowance of in-

terest on the excess was erroneous. Aside from this, we find no error in the judgment. Plaintiff did not recover against the facts on an estoppel by recitals; nothing is shown in the record to impeach the warrants either as to the good faith of their issuance, as to the value received for them, or as to the want of power to issue them.

Much of the brief of appellant is devoted to arguing the proposition that warrants are nonnegotiable instruments, that persons take them with all their imperfections on their head, and that recitals in them cannot operate to estop against proof of the real facts.

We agree that this is so where the recitals have to do with the authority for their issue, or if they have to do with any other matter of defense of want or failure of consideration or fraud, where it is also shown that no benefits were received. In cases where such facts are shown, we, just as the Texas courts have done, have declined to give effect to warrant recitals against the facts, though the warrants are in the hands of good-faith, due-course purchasers. City of Weslaco v. Porter (C. C. A.) 56 F.(2d) 6; City of South Houston v. Carman (C. C. A.) 6 F.(2d) 358; City of Dublin v. Thornton & Co. (Tex. Civ. App.) 60 S.W.(2d) 302; Nacogdoches County v. Lafferty (Tex. Com. App.) 61 S.W.(2d) 994, 995; Lasater v. Lopez, 110 Tex. 179, 217 S. W. 373.

■ But this is not a case for the application of that principle. Here no facts are shown contradicting the warrant recitals. The warrants were prima facie evidence of the liability of the district, and the burden was on the district to prove that the recitals contained in them and in the ordinances which authorized them, were untrue. City of Belton v. Brown-Crummer Inv. Co. (C. C. A.) 17 F.(2d) 70; City of Belton v. Harris Trust & Savings Bank (Tex. Com. App.) 283 S. W. 164; Nacogdoches County v. Lafferty (Tex. Com. App.) 61 S.W.(2d) 994, 996.

■ It is not even claimed here that there is any fact defense to these warrants, only the legal ones of lack of constitutional and statutory authority to issue them is put forward. We do not think these defenses are made out. The fact that the district put itself in position to avail itself of the privileges of the constitutional amendment by having itself declared to be a conservation and reclamation district did not, under the Texas authorities, strip it of the powers it already had as a going district. It merely added to them. It seems to be settled there that such districts have the right to levy taxes for maintenance

and by making provision for their payment, to create debts on that account. Hopkins County Levee Dist. No. 1 v. Smith (Tex. Civ. App.) 266 S. W. 800; Ogburn et al. v. Barstow, Ward County, Tex., Drainage Dist. (Tex. Civ. App.) 230 S. W. 1036; McFaddin v. Jefferson County Drainage Dist. (Tex. Com. App.) 4 S.W.(2d) 33; Hidalgo County Drainage Dist. No. 1 v. International Creosoting & Constr. Co. (Tex. Civ. App.) 54 S. W.(2d) 861; Hidalgo County Drainage Dist. No. 1 v. Magnolia Petroleum Co. (Tex. Civ. App.) 47 S.W.(2d) 875.

The judgment is reformed so as to disallow interest on $3,000 of the warrants in excess of the George warrants given in exchange, and as reformed, is affirmed.