**POOLE v. DALLAS COUNTY LEVEE IM-PROVEMENT DIST. NO. 9 et al.**

No. 5023.

Court of Civil Appeals of Texas. Amarillo.

May 1, 1939.

Rehearing Denied May 22, 1939.

Youngblood & McCorvey, of Dallas, for appellant.

Leo R. Tresp, of Dallas, for appellees.

JACKSON, Chief Justice.

The appellant, A. R. Poole, instituted this suit in the District Court of Dallas County against appellees, the Dallas County Levee Improvement District No. 9, hereinafter called district, and Leo Tresp, Trustee, hereinafter designated trustee, to obtain injunctive relief and for damages.

He alleged that he was the owner of certain land, which he fully described, situated in the district, set out the alleged facts on which he sought equitable relief and in the alternative sought to recover damages in the sum of $5,000.

He pleaded that the district is a corporation duly organized and existing under the laws of Texas and that it was created about December 19, 1923, under the authority of Chapter 146 of the 34th Legislature and Section 59, Article 16 and Section 52, Article 3, of the Constitution of Texas, Vernon's Ann.St.; that the district after it was organized issued bonds numbered from 1 to 110, inclusive, each in the sum of $500, each bearing interest at the rate of 6% per annum and together aggregating the sum of $55,000; that Chapter 146 of the General Laws of the Thirty-fourth Legislature and Chapter 44 of the Fourth Called Session of the Thirty-fifth Legislature and the amendments thereto, together with Chapter 6 of Title 128, embracing Articles 7972 to 8096, inclusive, have been repealed and inasmuch as the law under which the district was created and organized has been repealed, the district has no legal existence unless the organization was continued by virtue of the provisions of the Constitution.

Appellant claims that the trustee prepared and caused to be executed on October 23, 1937, a purported trust agreement relative to a pretended refinancing of the obligations of the district. A copy of this agreement he marks "Exhibit A" and attaches to his petition as a part thereof. He says that on the same date the trustee prepared a letter and another one on November 12th, and "Exhibit A" and the two letters were mailed to him. A copy of each, marked "B" and "C" respectively, were attached to and made a part of his petition. He alleges that the plan outlined in these instruments for refinancing the indebtedness of the district contemplated that $44,500 evidenced by the original bonds and still outstanding were to be refunded by the issuance of other bonds of the district amounting to $23,000 and bearing interest at the rate of 5% per annum; that no supervisors of the district had been appointed since 1925 and the surety on the respective bonds of said supervisors had long since become insolvent and the obligation thereof unenforceable; that such original supervisors, though without authority, are pretending to act in such capacity and with the appellees threatening to extend the old lien evidenced by the original bonds or create a new lien by the issuance of new bonds for the sum of $23,000, and in either event the lien will be continued for a period of more than twenty years after the expiration of the final due date or the original bonds; that inasmuch as the law under which the district had been created had been repealed such extension of the old lien or the creation of a new one would be illegal and void but nevertheless would subject appellant to irreparable damages.

He says that by the preparation and mailing to him of "Exhibit B" the appellees are demanding the payment of $526.27 delinquent taxes levied against his property for the payment of the original bonds, all of which accrued prior to 1936 and are therefore barred by the statute of two years' limitation, which he urges. In addition he claims that the original bonds were dated March 5, 1925 and that the first twenty-five numbered from 1 to 25, inclusive, amounting to $12,500, are barred by the statute of four years' limitation, which he pleads; that the lien created by the issuance of the original bonds is not severable but is a lien against all the property in the district and the law makes no provision for a release of the portion of the lien and debt secured thereby and the purported arrangement does not show whether the lien proposed to be created is a portion of the lien securing the $12,500 now barred by the four years' statute of limitation.

"Exhibit A" attached to the petition provides in substance that it shall "constitute an agreement between" the trustee and the respective landowners in the district when "Exhibit B" is signed by such landowners and returned to the trustee. It then by several "whereas clauses" states that the Reconstruction Finance Corporation has authorized a loan for the benefit of the district in a sum not to exceed $23,000 to enable the district to reduce and refinance its indebtedness; that the supervisors of the district have by proper resolution expressed

the desire that the delinquent taxes against the district to pay the outstanding bonds and interest thereon be discharged by each landowner paying 25% of the delinquent taxes due the district against his property and in consideration of such payment the trustee agrees to pay the district bond taxes; that the agreement shall not be consummated until the Reconstruction Finance Corporation surrenders to the trustee bonds and coupons which constitute obligations of the district sufficient in amount to consummate such arrangement. The trustee's duties and authority are defined which, in effect, authorize him to assist the district to collect the delinquent taxes and issue the refunding bonds and consummate the understanding with the Reconstruction Finance Corporation. "Exhibits B" and "C" are explanations to the landowners of the scheme for refinancing the district.

The appellant claims that if he be mistaken in his contention that the district has no legal existence because the act under which it was created has been repealed then he says that the district is subject to the provisions of the statute applicable thereto and has power and authority to build, maintain and repair the improvements therein and in case of necessity to add thereto and issue bonds or incur indebtedness therefor, but concedes that no such bonds shall be issued and no such indebtedness shall be incurred by the district unless the authority so to do is first submitted to and approved by a majority of the qualified property tax paying voters of the district. He asserts that the district has not complied with the law in appointing supervisors and they have not been required to furnish bonds with good and solvent sureties thereon and because thereof such supervisors could in no event be more than de facto officers. He claims that the district has failed to fix a basis of taxation and assess the benefits and apportion the taxes as the law requires; that it has failed to employ an engineer to advise the supervisors of the needed repairs and superintend the making thereof; that the canals and ditches running through and adjacent to appellant's land have not been kept up, not been repaired, and on account of the negligent failure of the district, its agents and servants to make such repairs, which he alleges they will continue to do, he says that his crops and land have been injured and unless the court grants its most gracious writ of injunction as prayed for he will suffer irreparable injuries for which he has no adequate remedy at law.

The court sustained appellees' general demurrer to appellant's petition; he refused to amend; his case was dismissed, and the action of the court is before us for review.

■ The contention urged by appellant that the law under which the district was created has been repealed and for that reason such district now has no legal existence is not tenable. Section 66, Chapter 21 of the Acts of the Regular Session of the Thirty-ninth Legislature, Vernon's Ann. Civ.St. art. 8038, stipulates: "All laws and parts of laws in conflict with the provisions of this Act shall be, and the same are hereby repealed, and Chapter 146, of the General Laws of the Regular Session of the Thirty-fourth Legislature, and Chapter 44, of the General Laws of the Fourth Called Session of the Thirty-fifth Legislature, and all amendments thereto, and Chapter 6, of Title 128, embracing Articles 7972 to 8096, inclusive, of the Revised Civil Statutes, 1925 Revision, are hereby particularly repealed."

However, Section 67 of the Act, Vernon's Ann.Civ.St. art. 8039, among other things, provides that: "Any proceedings begun under the provisions of any Act hereby repealed may be proceeded with and completed under the provisions of this Act; and nothing in this Act shall be construed to apply to the issuance of any bonds where provisions for their issuance have been made in whole or in part before the passage of this Act."

Section 68 of the Act, Vernon's Ann.Civ. St. art. 8040, provides that: "* * * the repeal of Chapter 146, Acts of the Regular Session of the Thirty-fourth Legislature, shall not affect any districts heretofore created under the provisions of that Act, nor districts created under any former laws having for their objects the reclamation and protection of lands through a system of levees and drainage, and which have not heretofore become conservation and reclamation districts, but all rights, powers and privileges granted such districts by the Acts under which they were organized, and amendments thereto, are hereby directly preserved to such districts." See Dallas County Levee District No. 2 et al. v. Looney, Atty. Gen., 109 Tex. 326, 207 S.W. 310; 27 Tex.Jur. 439, para. 4.

■ The appellant's contention that the district had no legal existence because

the law under which it had been created had been repealed is apparently unauthorized in this case because it appears that such contention could only be attacked by a writ of quo warranto. LaSalle County Water Improvement Dist. No. 1 et al. v. Guinn et al., Tex.Civ.App., 40 S.W.2d 892; Brennan et al. v. City of Weatherford & N. H. Bradshaw, 53 Tex. 330, 37 Am.Rep. 758. The writ of quo warranto also furnished a proper remedy for attacking the official authority of the supervisors. Grant v. Chambers, 34 Tex. 573, 574; Consolidated Common School Dist. No. 5 v. Wood et al., Tex.Civ.App., 112 S.W.2d 231.

If our conclusion that the law under which the district was created and organized has not been repealed is correct, it was a valid and subsisting levee improvement district, had issued bonds, and authorized to refund such bonds by issuing new coupon bonds for that purpose if the holder of such bonds consent thereto. Vernon's Civil Statutes, Article 8018. The bonds of the district are not invalid because repairs were not kept up on the improvements in the district. Morton et al. v. Thomson et al., Tex.Civ.App., 15 S.W.2d 1067. Should it be conceded that a portion of the bonds and appellant's delinquent taxes were barred by limitation, this would not authorize an injunction and, in our opinion, the court correctly denied injunctive relief.

The appellant says that if he is not entitled to a writ of injunction then in the alternative he sues for damages and in addition to the allegations on which he bases his claim for equitable relief he pleads in effect that appellees negligently, carelessly and wilfully failed to maintain and repair the levees, ditches and canals of the district, as authorized by law, which extended through and adjacent to his land; that by reason of such negligent failure, the water from the rains would overflow his land; that such overflow caused the soil to erode and wash away; that much of his land became water soaked and because of its wetness was unfit to plant, cultivate or produce crops; that his tenants were unable to plant the number of acres to cotton or corn they had contracted to do and he lost rents for the years 1934 to 1938, inclusive. He states the estimated number of bales he lost each year, the market price thereof per pound, and prays for judgment for the sum of $5,000 by reason of his damages.

In testing the sufficiency of a pleading to which a general demurrer only is urged we are required to indulge every reasonable intendment in favor of the pleader, and we think the allegations of negligence in appellant's petition so tested aver a cause of action for damages as against a general demurrer. Gulf, Colorado & Santa Fe Railway Co. v. John W. Smith, 74 Tex. 276, 11 S.W. 1104.

In Williams v. Warnell, 28 Tex. 610, the Supreme Court says: "The legal effect of a general demurrer is to admit the facts plead to be true, but to deny that they constitute a cause of action or ground of defense. ([Zacharie v. Bryan], 2 Tex. [274] 276.) And the only question which will be considered under it is, whether any cause of action or ground of defense is disclosed in the pleadings demurred to. ([Warner v. Bailey], 7 Tex. 517.) Consequently, if sufficient be stated to enable the court to see that a good cause of action or ground of defense exists, however defectively stated, the insufficiency or defectiveness of the averments cannot be taken advantage of on general demurrer."

This announcement of the law is approved in Collins v. Warren, 63 Tex. 311, and in Gulf, C. & S. F. Ry. Co. v. Ricker et al., Tex.Sup., 17 S.W. 382; Magnolia Petroleum Co. v. Dodd, Tex.Civ.App., 52 S.W.2d 670. See, also, 33 Tex.Jur. 571, para. 134.

A petition failing to state the proper measure of damages is not subject to a general exception. In fact, the measure of damages need not be correctly alleged in the petition.

In Tubbs v. American Transfer & Storage Co. et al., Tex.Civ.App., 297 S.W. 670, 672, writ refused, the court says: "The fact that appellant erroneously alleged the market value of the goods as his measure of damages did not prevent the court from applying the proper measure of damages." (Citing authorities)

In International-Great Northern R. Co. v. Kuhlmann et al., Tex.Civ.App., 26 S. W.2d 451, 452, it is said: "The petition alleged sufficient facts from which the court could determine and submit to the jury the proper measure of damages, which is all that is necessary under the law." (Citing authorities). See, also, 13 Tex.Jur. 412, para. 242, and authorities cited.

Appellant may recover on proper pleading and proof. Under the allegations as tested by the general demurrer he was not confined to a recovery for loss of crops. Williams et al. v. Henderson County Levee Improvement Dist. No. 3, Tex.Com.App., 36 S.W.2d 204; Id., Tex.Com.App., 59 S.W.2d 93; McFaddin v. Jefferson County Drainage Dist. No. 6, Tex.Com.App., 4 S.W.2d 33; 13 Tex.Jur. pages 38 and 39.

In view of the authorities, it is our opinion that the court correctly denied the appellant equitable relief but committed error in sustaining a general demurrer to appellant's alternative cause of action for damages, for which reason the judgment is reversed and the cause remanded.