

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 30, 1948

Hon. William N. Hensley
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. V-623

Re: Maximum salaries of
personnel of Robert
B. Green Memorial
Hospital and author-
ity of the Commis-
sioners' Court to ex-
pend in excess of 20¢
on the $100 valua-
tion of taxable prop-
erty voted for such
purpose.

Dear Sir:

You submit the following questions:

"(1 )  Is the power of the Board of Man-
agers of the Robert B. Green Memorial Hospi-
tal under Art. 4480, R. C. S. 1925 to 'fix
the salaries of the Superintendent and all
other officers and employees within the lim-
it of the appropriation made therefor by the
Commissioners' Court' limited to the maximum
permitted for County employees under Art.
3912-e, Sec. 19 (h)?

"(2)  Where a majority of the qualified
tax-paying voters of the County have, at an
election held for that purpose, authorized a
tax of not over 20¢ on the valuation of $100.00
in accordance with the provision of Sec. 3 of
Art. 4437-a, as amended by Acts of 1945, 49th
Leg., p. 466, Chap. 295, par. 2, does the Com-
missioners' Court of such County have the power
to appropriate out of the County Purposes Fund
a sum in excess of 20¢ on the valuation of
$100.00 for the operation of such County Hospi-
tal?"

Articles 4478-4494 authorize Commissioners' Courts to establish county hospitals and prescribe a system for the maintenance, control, and operation of such hospitals under the direction of a county board of managers appointed by the Commissioners' Court. The pertinent parts of said articles are:

Article 4479:

"When the commissioners' court shall have acquired a site for such hospital and shall have awarded contracts for the necessary buildings and improvements thereon, it shall appoint six resident property taxpaying citizens of the county who shall constitute a board of managers of said hospital . . . ."

Article 4480:

"Said board shall fix the salaries of the superintendent and all other officers and employees within the limit of the appropriation made therefor by the commissioners court, and such salaries shall be compensation in full for all services rendered. . . ." (Emphasis added throughout this opinion)

Article 3912e, Section 19h, provides the method by which the Commissioners' Court of Bexar County may fix the compensation of deputies, assistants and employees of "any district or county officer or precinct officer." Said article does not apply to officers and employees mentioned in Article 4480 of Vernon's Civil Statutes whose compensation is fixed by the hospital board of managers.

In Galveston, H. & S. A. Ry. Co. v. Uvalde County, 167 S.W. (2d) 305 (error refused), the Court said:

"The Commissioners' Court of a county has only such powers as are expressly or by necessary implication given it by the Constitution and Statutes of this State." Tex. Const. Art. V, Sec. 18; V.C.S., Art. 11, Sec. 3."

Commissioners' Courts have not been given the power to fix the salaries of county hospital employees. When such Court has appointed the county hospital board and appropriated the money for its operating expenses, as far as salaries are concerned, it is through. The county hospital board is authorized to appoint a superintendent and fix the salaries of the superintendent and other officers and employees of the hospital.

The only limitation of the authority of the Board of Managers of such hospitals to fix the salaries of hospital employees is contained in the language in Article 4480, Vernon's Civil Statutes: "Said board shall fix the salaries of the superintendent and all other officers and employees within the appropriation made therefor by the Commissioners' Court, and such salaries shall be compensation in full for all services rendered."

The fact that the Legislature repealed all laws and parts of laws in conflict with said Article 3912e, Section 19 (h) does not militate against our decision that the Board of Managers of Robert B. Green Memorial Hospital is not limited by said article because it is not in conflict with the special purpose law which controls the operation of county hospitals.

In view of the foregoing, we answer your first question in the negative.

For the years 1945-1950, both inclusive, at an election held for that purpose by authority of Section 9 of Article VIII of the State Constitution, the qualified voters re-allocated the tax rate in Bexar County so that the general fund, from which the hospital operation and maintenance must come, receives 46¢ of the maximum 80¢ on the $100.00 of taxable property in Bexar County.

The Bexar County Budget for 1948 allocates $385,560.00 to the R. B. Green Memorial Hospital from a tax levy of .1890 cents on the $100.00 valuation, the total of which is shown to be $204,000,000.00; and also $19,795.08 derived from delinquent taxes, aggregating $405,335.08 for maintenance of said hospital. The budget was approved and the tax levied by the Commissioners' Court as provided by law.

The aggregate sum is broken down in the 1948 budget as follows:

**R. B. Green Hospital**

| | | |
|---|---|---|
| Operation | $176,682.40 | |
| Pay Roll | 180,033.23 | |
| Contingencies | 2,000.00 | $358,715.63 |

The pertinent part of Acts 1945, 49th Legislature, Chapter 65, page 93, which now appears as a note under Article 1666 of Vernon's Civil Statutes, which applies to Bexar County, reads:

". . . the amounts budgeted for current expenditures from the various funds of the county shall not exceed the balances in said funds as of January 1st plus the anticipated revenue for the current year for which the budget is made, as estimated by the County Auditor. Upon final approval of the budget by the Commissioners Court, a copy of such budget as approved shall be filed with the County Auditor, the Clerk of the Court, and the State Auditor, and no expenditures of the funds of the county shall thereafter be made except in strict compliance with said budget. Said Court may upon proper application transfer an existing budget surplus during the year to a budget of like kind and fund, but no such transfer shall increase the total of the budget."

Section 3 of Article 4437a reads:

"A direct tax of not over 20¢ on the valuation of $100.00 may be authorized and levied by the Commissioners Court of such county for the purpose of erecting buildings or other improvements and for operating and maintaining such hospital; provided that all such levy of taxes shall be submitted to the qualified taxpaying voters of the county, and a majority vote shall be necessary to levy the tax. Successive elections may be held to authorize adtional taxes hereunder provided the total tax shall not exceed the maximum of 20¢ per $100.-00 valuation, as hereinabove provided."

The stated purpose of the tax levy is "erecting buildings or other improvements and for operating and maintaining such hospital." The tax "shall not exceed 20¢ on the $100.00 valuation" for such purpose; at an election held for the purpose the qualified voters authorized the Commissioners' Court to levy "not over 20¢ on the valuation of $100.00."

In the case of City of Kingsville, Texas v. Meredith, 103 F. (2d) 279, it was contended that a city charter provision that the city is authorized "to levy and collect not exceeding 75¢ for general maintenance purposes" constitutes a definite apportionment of 75¢ to that purpose. While that is the converse of the situation under consideration the Court defined the words "not exceeding" and in that regard said:

> ". . . The provision in the charter that the City is authorized 'to levy and collect not exceeding 75¢ for general maintenance purposes' is not as appellants claim it is, an apportionment, a setting apart exclusively to maintenance purposes, of that much of the taxing power. It is merely a limitation imposed upon the use of the taxing power for that purpose. The words 'not exceeding,' in themselves, are words not of grant or apportionment, but of limitation only, and standing alone are ordinarily so construed. Stuyvesant Ins. Co. v. Jacksonville Oil Mill, 6 Cir., 10 F. (2d) 54. The context in which they are here used makes that construction more imperative, for instead of a following provision for $1.75 'for all other purposes,' as would have been the case, if apportionment had been intended, there follows a general provision for the levy and collection, without apportionment, and 'for all purposes,' of the full $2.50 constitutional levy.

In the case of Saxhaug v. County of Jackson (Minn. Sup.) 10 N. W. (2d) 722, the Court defined "not exceeding" as follows:

"It is the function and duty of the county board under subd. 3 (subsection (c))

to determine the rate of any assessment for ditch repairs. <u>The words 'not exceeding 30 mills' are in the nature of a ceiling on the amount of assessments beyond which the county board cannot go.</u> As used in the statute, the words 'not exceeding' are words of limitation. City of Kingsville, Tex. v. Meredith, 5 Cir., 103 F. 2d 279. The words denote uncertainty of amount. Stuyvesant Ins. Co. v. Jacksonville Oil Mill, 6 Cir., 10 F. 2d 54. Such language imposes no duty to adopt the maximum rather than some lesser amount authorized."

In view of the foregoing it is our opinion that the authority of the Commissioners' Court to levy not to "exceed the maximum of 20¢ per $100.00 valuation" as expressed in Section 3 of Article 4437a, Vernon's Civil Statutes, fixes a maximum limit of funds which may be allotted to R. B. Green Memorial Hospital for any year, as voted by the voters of Bexar County. This, of course, is exclusive of delinquent taxes from such fund and any income which may be derived from paying patients. The maximum amount of current tax money that may be used in 1948 for maintenance of the Robert B. Green Memorial Hospital is .1890¢ on the $100.00 valuation as provided in the current budget.

## SUMMARY

The Board of Managers of a County Hospital has exclusive authority to fix the salaries of the Superintendent and all other officers and employees within the appropriation made for such hospital by the Commissioners' Court.

Article 3912e, Sec. 19 (h) V. C. S. does not apply to the Superintendent or other officers and employees of a county hospital.

Commissioners' Courts in counties which have voted to authorize such courts to levy not exceeding 20¢ on the $100.00 valuation of taxable property in the county for maintenance

of hospitals are not authorized to appropriate
any additional sum for such purpose from any
other county purpose fund for any years.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
W. T. Williams
Assistant

WTW:wb

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL